## STOCKS VS. THE CITY OF SHEBOYGAN.

*Demand.*

42 315
d109 258

42 315
53 LRA 832

1. Where money has been paid as the price of something sold and delivered to the vendee, and, by reason of some fact or circumstance not contemplated by either party to the transaction, such money ought to be refunded, an action therefor will not lie until after *demand* made.

2. In an action, therefore, against a municipal corporation, to recover moneys paid for tax certificates alleged to be invalid, the complaint is bad on demurrer if it fails to show a demand made before suit.

APPEAL from the Circuit Court for *Sheboygan* County.

Action to recover money paid by plaintiff to the defendant city for certain tax certificates alleged to be illegal and void.

The circuit court sustained a demurrer to the complaint, one of the grounds of demurrer assigned being, that the complaint fails to state facts sufficient to constitute a cause of action. Plaintiff appealed from the order sustaining the demurrer.

*Conrad Krez*, for the appellant, argued that as the complaint avers that " at and after the expiration of the time fixed by law for the redemption of said premises [those covered by the tax certificates here in question] from said tax sales, the defendant refused to execute tax deeds for said premises upon said certificates," no demand upon the city to refund the amount paid for the certificates was necessary. Chitty on Con. (7th Am. ed.), 733. Compare the complaint and findings in *Paul v. Kenosha*, 22 Wis., 266, 270.

*W. H. Seaman*, for respondent:

The charter of the defendant city (ch. 254, P. & L. Laws of 1868) provides (ch. VII, sec. 7) that all accounts or demands against the city must be verified before the comptroller, before they can be acted on or paid; and also (ch. V, sec. 3), that they must first be audited and adjusted by the comptroller. Compliance with this provision is necessary before an action will lie upon any demand against the city, and no

such compliance is alleged. Moreover, upon a claim of this nature, the general rule would require a demand before action. *Lawton v. Howe*, 14 Wis., 241; *Abbot v. Draper*, 4 Denio, 51.

LYON, J. It is not alleged in the complaint that any demand was made of the defendant city to refund the money paid by the plaintiff for the tax certificates. It is claimed by counsel for the defendant, that the complaint is fatally defective for want of such an averment. On the authority of *Lawton v. Howe*, 14 Wis., 241, we think the objection is well taken. That was an action to recover money paid for certain school land certificates which turned out to be invalid; and it was held, on demurrer, that the complaint was defective in substance because it contained no allegation of a demand of the money before the commencement of the action. DIXON, C. J., delivering the opinion of the court, says: "The money was received by the respondent as a payment, not as a loan; and it would be most unjust and oppressive to subject him to an action before demand, or notice that he is required to refund."

The doctrine of *Lawton v. Howe* applies with peculiar force to a case like this. Because of some jurisdictional defect in the proceedings preliminary to a tax sale, all of the certificates issued pursuant to such sale may be void, and the city or county liable to refund the money paid for them. If actions could be maintained to recover such money without a previous demand, the city or county might be subjected to the costs of scores or even hundreds of actions, when, had demand been made, the money would have been refunded without a contest. This would be intolerable.

It is to be observed that the above doctrine does not apply to an action for money loaned, but is confined to a case like this, where the money has been paid as the price of something sold and delivered to the vendee or payee, and where, because of some fact or circumstance not contemplated by either party

to the transaction, the money so paid ought to be refunded. In such a case, as is said in *Lawton v. Howe*, every principle of law and justice seems to require a previous demand.

Other grounds of demurrer to the complaint were assigned, and other questions were ably argued at the bar; but it is deemed unnecessary to consider them.

*By the Court.* — Order affirmed.