HILL and another vs. THE CITY OF FOND DU LAC.

*November 9 — November 21, 1882.*

CITIES: SIDEWALKS. *(1) When city liable for defect in sidewalk. (4, 5) What constitutes defect: Court and jury. (3) Charter construed: " accounts or demands."*
PRACTICE. *(2) Continuance for absence of witness: diligence.*

1. A city, having allowed a sidewalk to be built in the manner in which it was, and to remain in that condition, cannot, by the mere fact that it was built by the lot-owner, escape liability for injuries resulting from a defect therein.

2. Affidavits showing that a witness who was then, and for some months had been, in Michigan, but whose testimony taken on a former trial was read in evidence, had been requested by the city attorney, before going to Michigan, to return, and had promised to do so; that the employers of such witness had been informed, about a month before the trial, when it would occur, and had been urged to allow him to attend; that such employers had assured the city attorney that the witness could attend and that they would write and request him to do so; and that the attorney also wrote to him requesting him to attend and promising to pay his expenses and a fair compensation for so doing — are *held* not to show the requisite diligence to make it obligatory upon the court to grant a continuance on account of the absence of such witness.

3. A city charter provides that "all accounts or demands against the city, before the same shall be acted upon or paid, shall be verified by affidavit before the comptroller." *Held,* that such verification is not a condition precedent to the maintenance of an action for a tort. *Kelley v. Madison,* 43 Wis., 638; *Bradley v. Eau Claire, ante,* p. 168. *Stocks v. Sheboygan,* 42 Wis., 315, distinguished. Whether such verification is a condition precedent to the maintenance of any action, *quære.*

4. In an action to recover for injuries alleged to have been caused by the unsafe condition of a sidewalk which was defective in that there was a steep incline therein which had become slippery, it is *held* that, under the evidence, the question was not whether the mere sudden declivity in the sidewalk, in the absence of any storm or freezing, would have been dangerous, nor whether the mere storm and freezing weather, in the absence of the walk in question, and with a walk differently constructed, would have caused danger, but whether that walk, so constructed, with such ice and

snow as would ordinarily accumulate upon it during such severe storms and freezing weather as ordinarily occurred at that season of the year at the place of the injury, would be unsafe for travelers upon it. If in that condition and under such circumstances it was unsafe, then it was defective, and it was the province of the jury to determine that question.

5. The instructions to the jury in this case (stated in the opinion) are *held* to fairly submit the questions involved.

APPEAL from the Circuit Court for *Columbia* County.

The case is thus stated by Mr. Justice CASSODAY:

"The plaintiff *Elizabeth* fell upon a sidewalk in the city of Fond du Lac, and she and her husband bring this suit to recover damages therefor. Upon the trial the jury found a verdict for the plaintiffs of $2,500. Thereupon counsel for the defendant moved, upon the minutes of the court, to set aside the verdict and for a new trial, which was refused, and thereupon judgment was entered for the plaintiffs, from which this appeal is brought."

*Geo. P. Knowles,* for the appellant.

For the respondents there was a brief by *Finch & Barber,* and oral argument by *Mr. Finch.*

CASSODAY, J. The cause of action alleged happened prior to the present revision of the statutes, and hence the notice required by sec. 1339, R. S., was not essential to maintain the action. It is urged by the learned counsel for the city that under the charter the lot-owner was primarily liable for the damages in question, and not the city. The provisions of the charter in question were construed by this court in *Amos v. Fond du Lac,* 46 Wis., 695. It was there held that the charter did not impose the duty of keeping a sidewalk in repair upon the lot-owner, except where it was built by order of the common council or street commissioner, and that liability of the owner or occupant for injuries resulting from the unsafe condition of his sidewalk, in any case, depended upon his having had due notice. It does not appear

from the complaint, nor the evidence in the case, that the sidewalk in question was built by order of the common council or street commissioner. Nor does it appear that such owner neglected to repair or keep such sidewalk in a safe condition, "after due notice" so to do by the city authorities. It is true, he built the walk, but the city took no exceptions to it, nor in any way sought to relieve itself from responsibility. The city having allowed the walk to be built in the manner which it was, and to remain in that condition, cannot escape liability by the mere fact that it was built by the lot-owner.

Counsel urge that the refusal to continue the cause on account of the absence of the witness George Markert, who resided at Fond du Lac, but was then and had been for about three months at Iron Mountain, Michigan, was error. The witness had been sworn on a former trial of this cause. His testimony then taken was read upon the last trial by the consent of the plaintiffs. The only diligence shown to procure his attendance in person was, in effect, a request by the city attorney before he started that he should return, and a promise on his part to do so; that about a month before the trial the city attorney saw Markert's employer and shipper and informed them when the cause would be reached for trial, and requested and urged them to allow him to attend, and they assured the attorney that he could attend, and that they would write and request him to do so; and that the attorney also wrote Markert, requesting him to attend the trial, and promising to pay him his expenses and fair compensation for so doing. Without going further into details, we are clearly of the opinion that the affidavits failed to show the requisite diligence to make it obligatory upon the court to grant the continuance under the circumstances.

The charter at the time provided that "all accounts or demands against the city, before the same shall be acted upon or paid, shall be verified by affidavit before the comptroller,

except salaries and amounts previously fixed or determined by law." P. & L. Laws of 1868, ch. 59, subch. 7, sec. 7. It is urged by counsel that because the record does not show that the claim in question was verified before the comptroller before this action was commenced, that therefore it cannot be maintained, and he cites, in support of his position, *Stocks v. Sheboygan*, 42 Wis., 315. That was an action to recover money paid by the plaintiff to the city for certain illegal and void tax certificates, and was clearly distinguishable. In *Kelley v. Madison*, 43 Wis., 638, the charter provision was that "no action shall be maintained by any person against the city of Madison upon any claim or *demand* until," etc., and it was held not to include actions for personal torts. This is an action of tort, and to hold that it cannot be maintained, by reason of no demand being made, would be in direct conflict with that decision. Clearly damage claimed for tort is not an "account or demand" within the meaning of that provision. Unlike sec. 824, R. S., it does not seek to cover every "claim or cause of action," and hence the decisions under that section are not applicable here. Nor is the charter provision in question, like that section, prohibitory in terms. It does not say that "no action . . . shall be maintained." It simply provides that all accounts or demands shall be verified by affidavit before the comptroller, before the same shall be *acted upon or paid*. It merely prohibits action by the council or payment by the treasurer of any account or demand growing out of contract, until verified as provided. *Stringham v. Winnebago*, 24 Wis., 594; *Ruggles v. Fond du Lac*, 53 Wis., 436; *Bradley v. Eau Claire*, ante, p. 168. It may well be doubted whether such verification was a condition precedent to the maintenance of any action in court, and certainly not to the maintenance of an action of personal tort like this.

Error is assigned because the court refused to instruct the jury as requested: "The mere fact that there was a decliv-

ity in the sidewalk of six inches in two feet does not show such defect in the street as would render the city liable for an injury alleged to have resulted in part from that cause." This was asking the trial court to determine and take from the jury not only the facts as to the exact condition of the walk in question at the time of the injury, but also the fact whether such condition constituted a defect for which the city would be liable, each of which was a question for the jury, upon well-recognized principles. Negligence is almost always to be deduced as an inference of fact from several facts and circumstances disclosed by the testimony, after their connection and relation to the matter in issue have been traced, and their weight and force considered. In such cases, if unbiased men would differ as to such inferences, then they cannot be made without the intervention of a jury, although all the witnesses agree in their statements, or there be but one statement which is consistent throughout. *Townley v. Railway Co.*, 53 Wis., 632–3. Where the question arises on demurrer, as in *Cook v. Milwaukee*, 27 Wis., 191, cited by counsel, the question must, of course, be determined as a matter of law on the pleadings.

Error is assigned because the court refused to instruct the jury, as requested, " that the city cannot be held liable if the injury was caused by the snow or slippery condition of the walk, the result of a recent fall of snow or rain." This clearly involved questions properly for the jury to determine, upon the principles just stated. It is quite similar to the instruction refused in *Stilling v. Thorp*, 54 Wis., 528.

Error has been assigned because the court instructed the jury that " if you find that the walk was in an extraordinary condition of slipperiness, in view of the season of the year, and you find it was not so constructed as to be reasonably safe after extraordinary storms and freezing weather, such as *are liable to occur* at the season of the year when the accident happened, you will be warranted in finding a defect;

AUGUST TERM, 1882. 247

Hill and another vs. The City of Fond du Lac.

but I shall say something more upon this question further on. . . . Now, gentlemen, I come again to the question, Was the highway or sidewalk defective? . . . Upon that question I say, by way of instruction, that the rule of the statute or reasonable safety required that it shall have been reasonably safe for those walking upon it with ordinary care in an ordinary condition of the weather, or during such ordinary changes of the weather as are liable to occur at any season of the year, and at the season of the year when the accident occurred. . . . To return once more to the main question, Was the sidewalk defective? It is purely a question of fact for you to determine. It is a question somewhat simple in its nature and character. It involves the question and only the question of whether the sidewalk at the point complained of was reasonably safe or otherwise, located where it was, and in view of the approach to it from the direction in which the plaintiff was traveling, or whether it was so constructed as in any ordinary condition of the weather liable to exist at any season of the year — that it might become dangerous to those walking upon it with proper or ordinary care." The liability of the city is also qualified by other portions of the charge. On the whole, we think the questions involved were fully and fairly submitted to the jury, and in such a way that they could not have been misled. It is true, the learned judge in one place speaks of their finding that the walk "was not so constructed as to be reasonably safe after extraordinary storms and freezing weather," but he immediately adds, "such as are *liable* to occur at the season of the year when the accident happened, you will be warranted in finding a defect; but I shall say more upon this question further on." And further on, as will appear from the above quotation, he clearly limits the liability to ordinary storms and freezings. In fact, "extraordinary storms and freezing weather, such as *are liable* to occur" at a particular season of the year, can mean nothing more than the severe storms and freezing weather liable to occur in the month of

January, when the injury happened, in that section of the country.

The question is quite similar to one of the questions presented in *Stilling v. Town of Thorp*, 54 Wis., 536–7, and which was there fully considered. The reasoning in that case is quite applicable, and hence need not be repeated. The question was not whether the mere sudden declivity in the sidewalk, in the absence of any storm or freezing, would have been dangerous, nor whether the mere storm and freezing weather, in the absence of the walk in question, and with a walk differently constructed, would have caused danger, but whether that walk, so constructed, with such ice and snow as would ordinarily accumulate upon it during such severe storms and freezing weather as ordinarily occurred at that season of the year, at the place of the injury, would be unsafe for travelers upon it. If in that condition and under such circumstances it was unsafe, then it was defective. It was clearly the province of the jury to determine that question. *Stilling v. Thorp, supra; Kavanaugh v. Janesville*, 24 Wis., 618; *Wheeler v. Westport*, 30 Wis., 392; *Townley v. Railway Co., supra*, and cases there cited.

Nor do we think there was any error in charging the jury, in effect, that they should take into consideration the place in question, its location and surroundings, the condition of the approaches in the walk, whether or not the conditions, surroundings, and approaches were such as to suggest to the minds of those passing along the walk any sudden change or descent or ascent in the walk which might be stepped upon or against by those not aware of them, or not having in mind at the time their existence or precise location, which greatly or materially increased the hazard of slipping and falling at the point in question, over and above what it otherwise would have been. This was nothing more than directing the jury to take into consideration all the facts and circumstances attending the alleged injury, in determining whether the walk at the time and place in question was safe or defec-

tive, or whether the plaintiff *Elizabeth* was guilty of contributory negligence or free from fault. 30 Wis., 397–9. It is obvious that every such case must be determined from all the facts and circumstances constituting the *res gestæ.*

*By the Court.*— The judgment of the circuit court is affirmed.