SCHROTH, Respondent, vs. THE CITY OF PRESCOTT, Appellant.

*September 3 — September 22, 1885.*

*Cities — Defective sidewalk — Court and jury.*

1. An inclination of three and three-fourths inches in a distance of two and one-half feet in a plank sidewalk in a city of 800 inhabitants, is not such a defect as will render the city liable for personal injuries alleged to have been caused in part thereby.

2. Upon the evidence in this case as to the size and location of a hole in the sidewalk, the question whether it constituted a defect was for the jury.

APPEAL from the Circuit Court for *Pierce* County.

Action to recover damages on account of personal injuries alleged to have been received by the plaintiff by reason of a defective sidewalk in the defendant city. The plaintiff had a judgment for $500 damages, and the defendant appeals. The facts essential to an understanding of the questions determined will sufficiently appear from the opinion.

Schroth vs. The City of Prescott.

For the appellant there was a brief by *E. H. Ives* and *Jno. H. Ives*, and oral argument by *Mr. Jno. H. Ives*. To the point that the slight inclination in the walk did not constitute a defect, they cited *Cook v. Milwaukee*, 27 Wis. 191; *Clark v. Chicago*, 4 Biss. 486; *Raymond v. Lowell*, 6 Cush. 524; *Witham v. Portland*, 72 Me. 539; *Craig v. Sedalia*, 63 Mo. 417.

For the respondent there was a brief by *F. A. Ross* and *Gilson, Smith & Haugen*, and the cause was argued orally by *Mr. Gilson*.

COLE, C. J. We are of the opinion that the charge of the learned circuit court did not fairly submit the question as to the defect in the sidewalk. In the complaint it is alleged that the walk was defective in that it was improperly constructed, so that its surface was uneven and sloped sharply downward, thus forming a steep inclined plane, and had no slats nailed crosswise thereon to prevent travelers from slipping, while passing along the same. A further insufficiency is alleged that at this spot there was a dangerous hole or opening through the planks, about twelve inches long and four inches wide at the widest place, in which hole the plaintiff's right foot was caught, and she was thrown down and injured. The walk was constructed of plank two inches thick, and eight or ten inches wide, which were placed crosswise on stringers two by six inches, laid lengthwise of the walk. The evidence on both sides as to the slant in the walk was that there was a decline of about three and three-fourth inches in a distance of two and one-half feet. This decline or slant came to within about eight inches of the hole in the walk. Now there is a strong implication, if not a clear direction, in the charge that a walk constructed with a slant of from three to three and three-fourths inches in two feet and a half would be a defect. We are unwilling to sanction so strict a rule of liability on the part of the defendant. The defendant is a city of about 800 inhabitants.

Its resources are doubtless inadequate to bring all of its walks to a dead level, and the law does not impose upon it any such duty. In *Cook v. Milwaukee*, 27 Wis. 191, it was held that a flag-stone leading across a gutter from a sidewalk into the street, which had an inclination of about an inch in a foot, did not constitute a defect. In *Hill v. Fond du Lac*, 56 Wis. 242, the trial court refused to instruct that the mere fact that there was a declivity in the sidewalk of six inches in two feet did not show such a defect in the street as would render the city liable for an injury alleged to have resulted in part from that cause. It was held there was no error in this ruling, but that all the facts as to the exact condition of the walk, and as to whether such condition constituted a defect, were properly submitted to the jury. The cases above are not at all in conflict, as a moment's reflection will show.

In the case at bar the learned counsel for the plaintiff did not seriously claim that the descent or slant in the walk constituted a defect of itself. And he says the evidence in regard to it was given for the purpose of identifying the place, and showing the surroundings. Had this evidence been confined to these purposes it would have been harmless; but it is plain it was not. The learned circuit judge evidently thought the evidence of this slant had a tendency to prove that the walk was defectively constructed when made, for the jury were told that walks were made to be used in all kinds of weather, and should be constructed with that fact in view; that if they were defectively constructed, as by being uneven and rough, so that when wet and slippery they were unnecessarily dangerous,— that is, more dangerous than a properly constructed sidewalk would be under like circumstances,— that would constitute a defect in them. There was no pretense that there was any fault in the original construction of the walk, except the slant above mentioned. The charge, therefore, as to a properly constructed sidewalk must have had reference to this slant, and was

doubtless so understood by the jury; and the necessary inference from the charge is that such a slant rendered the walk defective and unsafe. It is true there was a hole in one of the planks near this slanting place, but that was caused by the decay or rotting of the sap edge of the plank. There was no unsoundness in the plank when first laid, so it is plain that the charge as to the original defective construction of the walk could have had no application except to this slant, which we do not think was any defect.

But it is said there was evidence from which the jury might have found that the rotten place in the plank was the defect which caused the injury. But in the way the questions were submitted it is impossible to determine whether the jury found that the walk was defective because of this rotten place in it, or by reason of the slant. The motion for a new trial should have been granted on account of the misdirection in the charge.

It was, in effect, claimed by the counsel for the defendant that there was no sufficient proof of any defect in the sidewalk to carry that question to the jury. But we are not prepared to say, as a matter of law, that the hole in the plank, as described by the witnesses, might not be a defect. That question of fact was for the jury to determine from all the evidence, under proper instructions from the court. The question is not so clear that the size and location of the hole in the plank were not such as to constitute a defect as would warrant the court in withdrawing the case from the jury.

The complaint alleges that a written notice of the happening of the injury was served upon the mayor within ninety days after it occurred, as required by sec. 1339, R. S. No proof, however, of such notice was made. Counsel will see the importance of supplying this proof on another trial.

*By the Court.*— The judgment of the circuit court is reversed, and a new trial awarded.