SCHROTH, Respondent, vs. THE CITY OF PRESCOTT, Appellant.

*March 26 — April 12, 1887.*

*Municipal corporations: Defective sidewalk: Court and jury: Excessive damages.*

1. The questions in the case, whether the hole in the sidewalk which caused the fall and injury of the plaintiff was such a defect as to render the city liable for such injury, and whether the city had notice of such defect, are *held* to have been properly submitted to the jury.

2. A verdict awarding $966.66 to a laboring woman whose leg was broken and permanently injured by reason of a defective sidewalk, *held* not excessive.

APPEAL from the Circuit Court for *Pierce* County.

The cause was before this court on a former appeal, and is reported in 63 Wis. 652. The plaintiff's leg was broken by her fall, and the evidence tended to show that as the result of her injury she was confined to her bed for three weeks, and was obliged to go upon crutches for three months; that she suffered a great deal of pain during that time, and still suffers during a change of the weather; and that the injury will to some extent be permanent. The plaintiff earned her living by doing washing. Other facts will appear from the opinion. There was a verdict for the plaintiff for $966.66, and from the judgment entered thereon the defendant appealed.

*E. H. Ives,* for the appellant.

For the respondent there was a brief by *Gilson, Smith & Haugen,* and oral argument by *Mr. Gilson.*

TAYLOR, J. This is an action to recover damages of the city for an injury to the respondent, caused by falling upon the sidewalk of one of the principal streets of said city. The respondent claims that she fell because her foot became

fastened in a hole or depression in the walk, and that she was severely injured by such fall. There is no dispute about the fact of her falling on the walk and injuring herself. The only material questions of fact in the case are whether she fell by reason of getting her foot fastened in the hole or depression in the walk, and, if she did, whether such hole or depression in the walk was such a defect as renders the city liable for an accident so resulting therefrom. It is also urged by the appellant that there was not sufficient evidence in the case to charge the city with notice of the defect, if there was one, in the walk before the accident happened.

The learned counsel for the appellant has prepared a very full and fair statement of the whole evidence in the case, and he insists that, upon a fair consideration of that evidence, this court should hold that the plaintiff has utterly failed to make out a case against the city. He makes his points — (1) that there was not a defect in the walk such as should charge the city with negligence; and (2) that the evidence fails to show that the city had notice of the alleged defect before the accident happened.

This case was in this court upon a former appeal (63 Wis. 652), and this court then held that there was sufficient evidence then produced to carry the case to the jury both upon the question of the defect in the walk and notice thereof to the city. By an examination of the evidence as presented by the record on the former appeal, it will be seen that it certainly did not make any stronger, and, in some respects, not as strong a case in favor of the plaintiff upon these questions as the evidence in the present case.

The evidence in this case shows that the sidewalk was made of two-inch planks laid lengthwise with the walk; that, at the place where the plaintiff fell, the edge of one of the planks had rotted away for a space of from two and a half to three inches in width and of a depth of an inch to

an inch and a half, extending lengthwise about a foot or more; that this defect had remained nearly in the same condition for several weeks before the accident; and that sometimes the depression would be filled with dirt, so that it was not very visible, but after a rain the dirt would be washed out and the defect become quite visible.  The evidence also shows that, just before the time the accident happened, there had been considerable rain, and the dirt had been washed out of the depression or hole in the walk. The plaintiff testifies that she stepped into the hole or depression in the walk, and that her shoe became fastened in the hole, and in trying to extricate her foot she fell and was injured.  It is urged by the learned counsel for the appellant that it was impossible that her foot could have been caught or fastened in the hole, and that the fair inference to be drawn from the evidence is that she slipped upon the wet sidewalk upon the decline in the same, about eight inches from the hole, and that was the cause of her fall, and not the hole in the walk.  This was a very fair argument to address to the jury upon the evidence, but can have no weight with this court upon an appeal from the verdict and judgment.  It presents a pure question of fact,— one that, under the ruling of this court on the former appeal, the trial court was bound to submit to the jury, and upon which their verdict must be conclusive unless the circuit court in its discretion should see fit to set aside their verdict and grant a new trial.

The evidence upon the question of notice to the city was clearly sufficient to send that question to the jury also.

The jury having found that the sidewalk was defective, and that the city had notice of the defect, or that the defect had existed for such a length of time that it ought to have had knowledge of it, the plaintiff has clearly made out a case against the city, and it was not error for the circuit court either to refuse to nonsuit the plaintiff or to set aside

the verdict.  Neither the circuit court nor this court has
the right to say, as a matter of law, that the defect in the
walk shown by the evidence was not such a defect as should
render the city liable for an injury resulting therefrom.
This court so held on the former appeal, and that ruling is
clearly supported by the authorities.  *Schroth v. Prescott*,
63 Wis. 652; *Ghenn v. Provincetown*, 105 Mass. 313; *Sheel
v. Appleton*, 49 Wis. 125, 128; *Klatt v. Milwaukee*, 53 Wis.
196, 206.

The case was fairly submitted to the jury under the in-
structions of the court, to which no exceptions were taken
by the appellant, and by which all the material issues in
the case were clearly presented to the jury for their con-
sideration.  At the request of the defendant, the court
instructed the jury as follows: "Unless the sidewalk in ques-
tion was defective to that degree that it was thereby ren-
dered unsafe to those passing thereon, they using due and
ordinary diligence and care in so doing, the city is not
liable."  "Unless the defect was such that ordinary dili-
gence on the part of the city officers whose duty it was to
keep the walk in repair would have discovered it, the city
is not liable."  These two material propositions were en-
larged upon by the learned judge in his instructions to
the jury, so that it was very clear that all the rights of the
city were fairly protected by the judge in his charge, and
they were apparently entirely satisfactory to the learned
counsel for the city.

No complaint is made by the learned counsel, in his brief
or in his argument before this court, that there was any
error in refusing to give an instruction asked by him and
which the court refused to give.  And it is evident that the
special instruction refused was, so far as it was proper to
give the same, given in the general charge.

The only questions raised by the learned counsel for the
appellant were questions of fact arising upon the evidence,

and which, as said above, were questions properly submitted to the jury; and they having found against the appellant, there was no error in refusing to set aside the verdict and grant a new trial. There is no force in the objection that the damages were excessive.

*By the Court.*— The judgment of the circuit court is affirmed.