Berry vs. The Town of Wauwatosa.

Berry, Respondent, vs. The Town of Wauwatosa, imp., Appellant.

*March 19 — April 10, 1894.*

*Injury from defective sidewalk: Service of notice: Admission: Evidence.*

1. In an action against a town for injuries caused by a defective sidewalk, an admission in the answer that "plaintiff caused some notice in writing to be served on the supervisors of this defendant, pretending to describe some insufficiency and want of repair to the said alleged sidewalk, and that damages were claimed of this defendant for such alleged injury, which said plaintiff claimed therein to have resulted to her in consequence of the alleged defect in the sidewalk," is not an admission of due service of the notice required by sec. 1339, R. S.

2. The evidence in this case (stated in the opinion) is *held* not to show service of the notice required by sec. 1339, R. S., within ninety days after the injury.

APPEAL from the Superior Court of *Milwaukee* County. The facts are stated in the opinion. The defendant appeals from a judgment in favor of the plaintiff.

*N. S. Murphey*, for the appellant.

*W. H. Timlin*, for the respondent.

ORTON, C. J.    This action is brought by the plaintiff against the defendant town to recover damages for personal injury caused by the insufficiency and want of repair of a certain sidewalk along one of the highways of said town.    At the close of the plaintiff's testimony the defendant moved for a nonsuit, and the court denied the motion, and the defendant excepted.

The first contention of the learned counsel of the appellant is that the superior court should have granted the motion for a nonsuit, on the ground that the plaintiff failed to prove that within ninety days after the time of the injury she caused notice in writing, duly signed, to be served on the supervisors of said town, describing the insufficiency and want of repair which caused the injury, stating the place where such damage occurred, etc., as alleged in the complaint, and required by sec. 1339, R. S.    The learned counsel of the respondent contends that the following admission in the answer, and the following testimony, made sufficient proof of the due service of said notice:

1. As to the admission in the answer.    It is as follows: "The defendant, on information and belief, admits that the plaintiff caused *some* notice in writing to be served by her on the supervisors of this defendant, *pretending* to describe *some* insufficiency and want of repair to the said alleged sidewalk, and that damages were claimed of this defendant for such alleged injury, which said plaintiff claimed therein to have resulted to her in consequence of the alleged defect in the sidewalk."    The statute (sec. 1339, R. S.) provides "that no such action shall be maintained unless within

ninety days after the happening of the event causing such damage, notice in writing, signed by the party, . . . shall be given to a supervisor of the town . . . against which damages are claimed, stating the place where such damage occurred, and describing generally the insufficiency and want of repair which occasioned it." The admission fails to state the following requirements of the notice, according to the above statute: (1) It fails to state the date of the service within ninety days after the happening of the event; (2) that the notice in writing was *signed by the plaintiff*, etc.; (3) the place *where* such damage occurred; (4) to *describe* generally the insufficiency and want of repair which occasioned the damage. This admission is obviously insufficient to dispense with proof of the service of the proper notice. The allegation of the service of the proper notice in the complaint is denied by this subsequent allegation of the answer "that, as to all the allegations of the complaint not hereinbefore admitted or denied, is hereby denied."

2. As to the proof afforded by the testimony of the service of the proper notice. The notice, a copy of which is claimed to have been served on a supervisor of the town, is introduced in evidence, and contains all the statutory requirements. Oscar Miller, a witness for the plaintiff, testified as follows: "In 1891, the 1st of November and later, I was in the office of Turner & Timlin. At your [their] request, I served the notice now shown me on the supervisors of the town of *Wauwatosa.* After serving the notice, I filed this notice of claim [also in evidence] — a copy of it — with the town clerk. I don't recollect the name of the supervisor I served the first one on. I believe at the time I made an affidavit of service on both those parties on whom it was served. I found them at the same time at the town hall there. When I served the second notice, they were both together, and the same gentleman I served the first on was there. I think there is a memorandum

Berry vs. The Town of Wauwatosa.

somewhere of the names of the parties that I served,— Caldwell, I believe; some name like that. (Counsel for defendant: Coutthard.) I had a proof made out at the time, and I have the name on my diary. I served two papers while I was acting as clerk for plaintiff's attorneys. I have no memorandum as to when the first one was served. At the time I served it I made out two affidavits, and I didn't concern myself any more about it. I remember swearing to the affidavits at the time. My impression, Mr. Murphey, is,— come to think of it now,— it was just about the time I swore Mrs. Berry to that. I think it was either a day or two afterwards. My impression is now that it was the 8th of February, 1892. It was about that time that I delivered that to the clerk, if I recollect rightly. I served the other paper before I served that one. It was pretty close together, both of them. I won't be positive about those two dates. I remember making four trips out to Wauwatosa to serve them. I did not serve them both on the same day, and I know that on two different trips I served a paper each. I made two trips and served one paper on one, and another on another, trip. I tried it four times before I found them all. *Question.* You have no memorandum by which you can refresh your memory of the date of the service, except that you served one about the time you took the deposition or affidavit of Mrs. Berry, and you served the other, you think, about that time,— not far from that time? *Answer.* That is all I can say, from my recollection of it now. I did not serve both papers on the same person. I am confident about that, because I remember being charged distinctly at the time to serve it on two different persons, and I remember doing that; but I don't remember the name of the person I served it on, aside from the clerk. I have got it somewhere in my diary. I haven't that with me. I want to say this, Mr. Murphey: I served one on the clerk, and when the paper was served

on the supervisor it was at the clerk's office in Wauwatosa. I served this paper as you [Mr. Timlin] told me to, upon the officer you told me to."

W. H. Timlin, Esq., counsel of the plaintiff, as a witness for the plaintiff, testified as follows: "I gave this notice to Mr. Miller to be served within ninety days after the 1st day of November, 1891. It was in the fore part of December, 1891,— at least, between the middle and fore part of December, '91,— that I gave this to Mr. Miller to serve on the supervisor. I think I have knowledge of my own that he served it as I told him. I didn't see him serve it on the supervisor. I don't know what you mean by personal knowledge. I didn't see him do it. I have no personal knowledge of it."

This is all the testimony on the subject. The affidavits, depositions, memorandum, and diary referred to by the witness Miller were not introduced in evidence, or any of them, so far as I can find. There is no evidence as to *when* the notice was served on the supervisor, or that it was served within the ninety days after the happening of the event causing the damage. The nearest any evidence comes to the date, or that shows the notice to have been served within said ninety days, is the testimony of Mr. Miller that it was his impression that it was the 8th of February, 1892, that he served the notice on the clerk, and that he served the other notice *before* he served that one, and that it was pretty close together. This date was ten days beyond the ninety days, and of course ten days too late. There is no evidence, whatever,— not even an opinion,— that the notice to the supervisor was served ten days before the other notice was served on the clerk, or even near that time. We have been careful to examine, closely and critically, the admission in the answer, and the testimony, to see if we could *spell out* the evidence that the notice to the town or to the supervisors was served within those essential ninety days, and have been unable to do so.

But this court should not be compelled to find such an important fact on doubtful or uncertain testimony, that ought to be susceptible to positive proof. The statute provides " that no such action shall be maintained unless within ninety days after the happening of the event " such notice in writing shall be given to a supervisor of the town. The court has no right to deal loosely with such an essential fact, necessary to the maintenance of the action. The giving of this notice must be alleged in the complaint, or it will fail to state a cause of action ( *Wentworth v. Summit*, 60 Wis. 281); and such fact must be proved on the trial (*Schroth v. Prescott*, 63 Wis. 652). The jury did not find the fact that this notice had been given, and the court simply ignores it in the charge. We have the right to presume that the want of proof of this fact was called to the attention of the court on the motion of the defendant for a nonsuit, and such want of proof was not afterwards supplied. This court cannot ignore the question, and is compelled to hold that the superior court erred in not granting the motion for a nonsuit on this ground.

*By the Court.*— The judgment of the superior court is reversed, and the cause remanded for a new trial.