GOELZ, Appellant, v. CITY OF MILWAUKEE, Respondent.

*May 2—June 7, 1960.*

For the appellant there was a brief by *Will C. Gobel,* attorney, and *Clyde E. Sheets* of counsel, both of Milwaukee, and oral argument by *Mr. Sheets.*

For the respondent there was a brief by *John J. Fleming,* city attorney, and *Peter M. Stupar,* assistant city attorney, and oral argument by *Mr. Stupar.*

DIETERICH, J. The complaint alleges that defendants Zeroths are the owners of premises located at 1503 East Oklahoma avenue in the city of Milwaukee, leased to defendant Gregory, who operates a tavern therein. East Oklahoma is a public street in the city of Milwaukee, traveled by the public in front of the premises.

The complaint further alleges that on August 1, 1956, and for sometime prior thereto, the sidewalk in front of, and adjoining the premises, was insufficient and in want of repair. Access to the tavern building for ingress and egress between the building and the public sidewalk is gained by two steps leading from the sidewalk to the tavern premises. (For the purposes of this opinion in identification of the two steps, we will refer to the first step from the sidewalk as the bottom step and the second step as the top step.) The riser from the tread of the bottom step to the existing level of the public

sidewalk was uneven, being 10½ inches high on the west end of the bottom step and 12¼ inches high on the east end of the bottom step. The sidewalk slab in front of the premises was uneven, sunken, buckled, and below the established building grade of the area in question. The complaint further alleges that it was the duty of the city of Milwaukee to maintain said sidewalk at an even and proper level, and safe for the public traveling thereon, entering thereon, or leaving said public highway to adjoining private property.

On August 1, 1956, plaintiff was an invitee of the public building and tavern and in the course of leaving the premises during the dark hours of the evening she fell and sustained serious personal injuries.

On August 27, 1956, the plaintiff filed her claim with the city which was disallowed on May 28, 1957.

The answer of the city denies that the sidewalk at the place alleged was insufficient and in want of repair.

The motion for summary judgment of the defendant city is supported by the affidavit of the assistant city attorney and sets forth portions of the deposition of the adverse examination of the plaintiff taken in this action on November 1, 1957. The adverse examination reveals the following testimony:

"*Q*. What caused you to fall? *A*. I don't know. . . . .

"*Q*. You hadn't reached the sidewalk when you fell? *A*. No. . . .

"*Q*. Stepped down one and fell forward? *A*. Yes.

"*Q*. Out onto the sidewalk? *A*. Yes.

"*Q*. You hadn't stepped onto the sidewalk as yet? *A*. No. . . .

"*Q*. And as you stepped down you held the door open? *A*. Yes.

"*Q*. Had the door closed behind you when you started to fall? *A*. No. . . .

"*Q*. Well, will you describe what happened after you opened the door to leave the tavern? *A*. I walked out the door and went down a step and went from that step and fell."

She further testified, "I stepped down one step and fell forward onto the sidewalk. I had not stepped onto the sidewalk as yet."

Plaintiff's responding affidavit in opposition to the motion avers that the exit from the tavern is inclosed by a screen door which swings outwardly toward the west, the hinge being fastened to the west door jamb, and the latch closing on the east door jamb, so when the plaintiff left the premises the screen door through which she made her exit swung outwardly toward her left in a westerly direction; that upon proceeding to descend the steps to the public sidewalk on the east side of the entryway, she safely negotiated the descent of the top step, which is a standard riser of approximately 7¾ inches, and that while stepping down from the bottom step to the sidewalk she fell; that the bottom step is approximately 5 feet, 4 inches wide made of poured concrete of 7¾ inches thickness; that the distance between the base of the bottom step to the public sidewalk is an additional 2¾ inches on the west end and 4½ inches on the east end, thus making a total riser from the sidewalk level to the tread of the bottom step of 10½ inches on the west end and 12¼ inches on the east end; that the high and uneven distance from the bottom step to the sidewalk level was the reason the plaintiff lost her balance and fell in descending from the bottom step to the sidewalk. The plaintiff further states in her affidavit that any seeming contradictions between the testimony given at the adverse examination and her affidavit are the result of a misunderstanding and ambiguity of the meaning of the questions propounded, and that the statements contained in her affidavit correctly and truly set forth the facts pertaining to her case.

The plaintiff upon the hearing of the motion for summary judgment offered in further opposition to the motion of the

defendant, city of Milwaukee, three pictures as Exhibits 1, 2, and 3. These pictures show the recessed doorway, the two steps, and the comparative elevation lines of the public sidewalk and the steps in question.

The trial court concluded the plaintiff fell in stepping from the top step and, therefore, there was no causal connection between the fall and the alleged defective sidewalk. Whether the plaintiff fell from the top step or the bottom step is in dispute and is a question for the jury to determine, and cannot be decided on summary judgment. But there is a further question to be resolved—assuming the plaintiff fell from the bottom step as she attempted to place her foot on the sidewalk—Was the sidewalk defective and insufficient so as to be a cause of the fall? This presents a question of fact for the jury.

Sec. 81.15, Stats. 1955, provides:

"DAMAGES CAUSED BY HIGHWAY DEFECTS; LIABILITY OF TOWN AND COUNTY. If damages happen to any person or his property by reason of the insufficiency or want of repairs of any highway which any town, city, or village is bound to keep in repair, the person sustaining such damages shall have a right to recover the same from such town, city, or village, . . ."

The defendant, city of Milwaukee, is not entitled to summary judgment unless the facts presented conclusively show that the plaintiff's action has no merit and cannot be maintained. *Kluth v. Crosby* (1957), 275 Wis. 251, 81 N. W. (2d) 515.

*Schroth v. Prescott* (1885), 63 Wis. 652, 24 N. W. 405, was an action for personal injuries received by the plaintiff by reason of a defective wooden sidewalk. The complaint alleged that the walk was defective in that it was improperly constructed, so that its surface was uneven and sloped

sharply downward, thus forming a steep inclined plane, and had no slats nailed crosswise thereon to prevent travelers from slipping, while passing along the same. It further alleged insufficiency in that there was a dangerous hole or opening through the planks, about 12 inches long and 4 inches wide, in which hole the plaintiff's right foot was caught and she was thrown down and injured. The evidence on both sides as to the slant in the walk was that there was a decline of about 3¾ inches in a distance of 2½ feet. This decline or slant came to within about 8 inches of the hole in the walk. This court in granting a new trial stated (p. 655):

". . . we are not prepared to say, as a matter of law, that the hole in the plank, as described by the witnesses, might not be a defect. That question of fact was for the jury to determine from all the evidence, . . ."

This same case came before the court a second time (*Schroth v. Prescott* (1887), 68 Wis. 678, 32 N. W. 621), and we held (p. 681):

"Neither the circuit court nor this court has the right to say, as a matter of law, that the defect in the walk shown by the evidence was not such a defect as should render the city liable for an injury resulting therefrom."

In *McCormick v. Racine* (1938), 227 Wis. 33, 277 N. W. 646, it was held that the mere fact the street was much traveled by the public did not render the 2⅜-inch difference actionable in the absence of an allegation of some other condition or surrounding circumstance of more material or effective bearing upon that issue. This court stated (p. 36):

". . . the 2⅜-inch difference between the adjacent cement squares of the sidewalk in question did not constitute an actionable insufficiency or want of repair within the meaning of sec. 81.15, Stats., as a matter of law, in the absence of

other conditions or surrounding circumstances that would warrant finding that there was such an insufficiency or want of repair; . . .

(p. 34.) "In relation to claims under sec. 81.15, . . . 'Generally speaking, insufficiency or want of repair in a highway is a question of fact for the jury, under instruction from the court as to what is meant by these terms in the statute. . . . And the question is always one for a jury, unless conditions and circumstances are so clear and convincing as to leave no room for reasonable controversy; . . . ' "

The plaintiff, Gertrude Goelz, entered the building from which she was leaving at the time of the accident by traveling over the sidewalk immediately adjoining the two entrance steps. The evidentiary facts presented on behalf of the plaintiff in opposition to the defendant's motion disclose that Gertrude Goelz was injured while in the act of placing one foot onto the sidewalk when because of the sinking of the sidewalk she was caused to be thrown forward. The riser of the bottom or lower step was not normal in height because of the sinking of the sidewalk. This difference in height is shown by plaintiff's photographic Exhibits 1, 2, and 3.

In *Johnson v. Eau Claire* (1912), 149 Wis. 194, 198, 135 N. W. 481, it is said:

"It will not do to rest the rule upon inches only. That is a factor in arriving at the result, but the other conditions and surrounding circumstances must also be considered."

In *Hill v. Fond du Lac* (1882), 56 Wis. 242, 14 N. W. 25, it was held that a decline of a sidewalk of 6 inches in 2 feet did not show such defect to render the city liable, but held that a jury question did arise as to all of the facts pertaining to the exact condition of the walk and as to whether such condition constituted a defect.

This court said in Becker v. La Crosse (1960), 9 Wis. (2d) 540, 545, 101 N. W. (2d) 677:

". . . the question of whether the defect pictured and described in the affidavits was an insufficiency or want of repair under sec. 81.15, Stats., is a jury question."

For defects amounting as a matter of law to insufficiency of a sidewalk, see *McChain v. Fond du Lac* (1959), 7 Wis. (2d) 286, 96 N. W. (2d) 607.

*Summary Judgment.*

The court does not try the issues, but decides whether there is an issue of fact for trial. *Bryan v. Noble* (1958), 5 Wis. (2d) 48, 53, 92 N. W. (2d) 226.

In *Voysey v. Labisky,* ante, p. 274, 103 N. W. (2d) 9, it is stated (p. 277):

"The rule is well established in this state that when it is shown there is a substantial issue of fact, or when the evidence on a material issue is in conflict, or if the inferences to be drawn from credible evidence are doubtful and uncertain, the motion for summary judgment should be denied. Likewise, when there is credible evidence which under any reasonable view will either support or admit of an inference in support or in denial of a claim of either party, it is for the jury to draw the proper inference and not for the court to determine which of two or more permissible inferences should prevail. *Elder v. Sage* (1950), 257 Wis. 214, 42 N. W. (2d) 919. We have often said that the power of the courts under the summary-judgment statute (sec. 270.635, Stats., 33 W. S. A., p. 309) is drastic and should be exercised only when it is plain that there is no substantial issue of fact or of permissible inference from undisputed facts to be tried. *De Bonville v. Travelers Ins. Co.* (1959), 7 Wis. (2d) 255, 96 N. W. (2d) 509, 97 N. W. (2d) 392; *Ondrejka v. Ondrejka* (1958), 4 Wis. (2d) 277, 90 N. W. (2d) 615; *Braun v. Jewett* (1957), 1 Wis. (2d) 531, 85 N. W. (2d)

364; *Udovc v. Ross* (1954), 267 Wis. 182, 64 N. W. (2d) 747, 66 N. W. (2d) 200."

Summary-judgment procedure is not to be a trial on affidavits and adverse examinations. It is aimed at a sham answer which is interposed to secure delay. *Stafford v. General Supply Co.* (1958), 5 Wis. (2d) 137, 92 N. W. (2d) 267.

The record, including the adverse examination of the plaintiff, the supporting affidavit of the city of Milwaukee in support of its motion for summary judgment, the affidavit of the plaintiff, and the three photographic exhibits of the building and sidewalk in opposition to the motion, present material facts constituting such conditions or surrounding circumstances, which together with supporting inferences, are questions of fact for the jury as to the insufficiency or want of repair under sec. 81.15, Stats., and cannot be resolved by the trial court on a motion for summary judgment.

*By the Court.*—The orders and summary judgment appealed from are reversed, and cause remanded for trial.