CHUDNOW CONSTRUCTION CORPORATION, Appellant, v. COMMERCIAL DISCOUNT CORPORATION, Defendant: BRUNTON and another, Intervening Defendants and Respondents.

*No. 221. Argued October 8, 1970.—Decided November 6, 1970.*
(Also reported in 180 N. W. 2d 697.)

654

656

For the appellant there were briefs by *Clyde E. Sheets* and *Frank & Hiller,* all of Milwaukee, and oral argument by *Mr. Sheets.*

For the respondents there was a brief by *E. H. Snyder* and *Allan Polacheck,* both of Milwaukee, and oral argument by *Mr. Snyder.*

HEFFERNAN, J. A demurrer admits the truth of all the allegations of fact in the complaint. *Interstate Fire & Casualty Co. v. Milwaukee* (1970), 45 Wis. 2d 331, 333, 173 N. W. 2d 187. A complaint should be liberally construed upon demurrer, and sustained when it expressly or by inference states any cause of action. *Rogers v. Oconomowoc* (1962), 16 Wis. 2d 621, 632, 115 N. W. 2d 635; sec. 263.27, Stats.

Demurrant contends that the writing, Exhibit A, is not a legally binding agreement because no signatures appear upon it and there is no allegation that it was signed.

Demurrant does not raise the statute of frauds and specifically disclaims that statute as the basis for its attack. It merely asserts that a written agreement cannot be effective unless it is signed by the parties.

The law is to the contrary:

"So far as the common law is concerned, the making of a valid contract requires . . . no signature unless the parties have made them necessary at the time they express their assent and as a condition modifying that assent." 1 Corbin, *Contracts*, p. 114, sec. 31.

In *Albright v. Stegeman Motor Car Co.* (1919), 168 Wis. 557, 560, 170 N. W. 951, this court followed the general rule holding:

"It is quite fundamental that parties may become bound by the terms of a contract even though they do not sign it, where their intention to do so is otherwise indicated."

In the instant case the allegation that the intervening defendants are parties to the written agreement, and the inferential statement that the other parties named in the document are bound by it, is sufficient under our liberal rules of pleading to allege the existence of an agreement. Whether the proof at trial will sustain the intervenor's contention that an agreement was intended even in the absence of signatures is, of course, another question, but the allegations of the complaint are sufficient to withstand attack on demurrer.

Demurrant also contends that a reading of Exhibit A fails to reveal any promise to the Bruntons. The complaint specifically alleged a promise by Chudnow to issue a check in the sum of $57,238.86 to Rod G. Brunton, Sr., Great Lakes and Commercial, and alleges that the sum of $7,238.86, the amount claimed in intervenors' complaint, and obviously a portion of the larger figure, shall be paid over to Rod G. Brunton, Sr., and Rod G. Brunton, Jr. It is stated that the endorsement of a larger check

is a consideration for the promise of Great Lakes and Commercial. It is apparent that this is but a part of the whole transaction.

A fair reading of the facts can lead only to the conclusion, on demurrer, that the transaction specifically spelled out a promise to Rod G. Brunton, Sr., and impliedly to Rod G. Brunton, Jr. The apparent reason for the separate promise by Great Lakes and Commercial was to assure that all parties obligated themselves to endorse the check by which Chudnow made payment of the agreed sum.

It is also argued that the agreement was without consideration in respect to any promise made by Chudnow to the Bruntons. It is contended that the only consideration for the plaintiff's promise was work the Bruntons had in the past performed for Great Lakes.

It is hornbook law that " 'past consideration' is no consideration." 1A Corbin, *Contracts,* p. 275, sec. 210; 1 Williston, *Contracts* (3d ed.), pp. 620–624, sec. 142.

If the only consideration is for past services, then the agreement must fail; but we do not so interpret the contract. The purported agreement specifically provided that "properly executed lien waivers from Great Lakes Homes, Commercial Discount Corporation, and Rod G. Brunton, Jr., and R. G. Brunton, Sr." shall be delivered to the plaintiff, Chudnow.

Surely this clause constituted a promise by both the Bruntons in exchange for the promise of Chudnow. It is as much hornbook law that mutual promises are sufficient consideration as is the axiom that past consideration is no consideration. *Thomsen v. Olson* (1935), 219 Wis. 145, 151, 262 N. W. 601, states, "It is elementary that in executory contracts the promise of one party is a consideration for the promise of the other and validates the contract." *See also:* 1 Corbin, *supra,* pp. 611–614, sec. 142; 1 Williston, *supra,* pp. 385–396, sec. 103.

Plaintiff appears to contend that the waiver of liens by the Bruntons was a worthless promise, since they were

merely salesmen and had no lien rights. Nowhere in the complaint do we find the assertion that the Bruntons were salesmen or any fact from which as a matter of law we could conclude that they had no lien rights.

On a demurrer the court cannot go beyond the complaint to test its sufficiency. Perhaps the facts will show the lien waiver was valueless. If so, Chudnow, if it relied upon the value of the waivers in making the agreement, simply made a bad bargain. However, since the waiver of the liens is made a part of the contract, it must be assumed that the promise had some value to Chudnow at the time it was made.

The demurrer was properly overruled.

*By the Court.*—Order affirmed.