Marvin WAGNER, Jr., Carol Wagner, and Mt. Morris-Aurora Mutual Insurance Company, Plaintiffs-Appellants,

v.

Leroy DISSING, Audrey Koch, and Waushara County, and General Casualty Company of Wisconsin, Defendants-Respondents.†

Court of Appeals

*No. 86–1839. Submitted on briefs September 14, 1987.—Decided October 15, 1987.*

(Also reported in 416 N.W.2d 655.)

† Petition to review denied.

933

934

For the plaintiffs-appellants the cause was submitted on the briefs of *Philip A. Munroe* and *Di Renzo & Bomier,* of Neenah.

For the defendants-respondents the cause was submitted on the brief of *John R. Miller* and *Miller, Rogers & Owens,* of Portage, and *Dean R. Dietrich* and *Mulcahy & Wherry, S.C.,* of Wausau.

Before Gartzke, P.J., Eich and Sundby, JJ.

EICH, J. Marvin and Carol Wagner and their insurer, Mt. Morris-Aurora Mutual Insurance Company, appeal from a summary judgment dismissing their damage action against Waushara County, its insurer, and two of its employees (collectively, "the county"). The Wagners sued for damages resulting from the destruction of their barn by a fire started by R.S., a foster child in their care. They claimed that the county was negligent in investigating R.S.'s propensity to engage in destructive behavior, and that it breached a contract in which it agreed to provide the Wagners information about R.S. prior to the placement. The Wagners also contend that the county and General Casualty conspired to deny their claim for payment of the loss without considering the merits of the claim. Finally, the Wagners' insurer, Mt. Morris, asserted subrogation rights for sums paid to the Wagners under their insurance contract. The trial court granted the county's motion to dismiss the conspiracy cause of action for failure to state a claim and granted summary judgment dismissing the remainder of the complaint.

935

The issues are: (1) whether the notice of claim statute, sec. 893.80, Stats., imposes specific duties or standards to be observed by the county in evaluating claims; (2) whether sec. 48.627, Stats. (1983–84), precludes otherwise validly-stated actions against the county for damages suffered by foster parents as a result of acts of children placed in their care; (3) whether the Wagners' complaint states a cause of action against the county for breach of contract; and (4) whether the affidavit filed by the county in support of its motion for summary judgment states a *prima facie* defense to the Wagners' action.

We conclude that sec. 893.80, Stats., imposes no special duties on the county in evaluating claims, and that sec. 48.627, Stats. (1983–84), does not bar the negligence and contract claims. We also hold that the Wagners' complaint states a cause of action in negligence and contract and that the county's motion for summary judgment should have been denied because the supporting affidavit failed to state a defense. We therefore affirm that portion of the judgment granting the county's motion to dismiss the fourth cause of action in the complaint and reverse the judgment in all other respects.

## I. THE MOTION TO DISMISS

A motion to dismiss tests the legal sufficiency of the complaint; and because we construe pleadings liberally on such a motion, it will be granted only if it is "quite clear that under no conditions can the plaintiff recover." *Evans v. Cameron,* 121 Wis. 2d 421, 426, 360 N.W.2d 25, 28 (1985) (citations omitted). We

believe there is no legal basis on which the Wagners could recover on their fourth cause of action.

The complaint alleges that the county and General Casualty conspired to deny the Wagners' claim "without due regard to [its] merits," thus depriving them of due process of law and of the "rights granted to them by sec. 893.80, Wis. Stats." Section 893.80, Stats., provides, among other things, that no action may be brought against a governmental subdivision, here the county, or any of its agencies or employees, unless the claimant first files a notice of claim in proper form. Once a claim is properly filed, the county may pay the claim in whole or in part or deny it. If the county fails to take any action on the claim within 120 days, it is deemed to be disallowed. Sec. 893.80(1)(b).

The Wagners' argument is grounded on the proposition that the county has a legal "duty to fairly evaluate" all such claims, and they cite *Schwartz v. Milwaukee,* 43 Wis. 2d 119, 168 N.W.2d 107 (1969), and sec. 59.07(3), Stats., as imposing that duty. *Schwartz* dealt with the municipal notice-of-claim statute, sec. 62.25, Stats., and the issue was whether a notice was void because it stated a claim in an amount exceeding the statutory $25,000 limitation on municipal liability. The court ruled that:

> These statutes do not provide that a claim in excess of $25,000 must be stated at that limit or be void. It is the duty of the claimant to honestly state the amount of his claim whatever it is and it is the duty of the city to verify this amount and, if there is liability, to allow it not in excess of $25,000. *Id.* at 125, 168 N.W.2d at 110.

We do not read the *dictum* in *Schwartz* as creating any duty on the county other than that

imposed by sec. 893.80, Stats., which is to deny the claim or to pay it in whole or in part, or to allow it to be denied by operation of law after 120 days. Section 59.07(3)(a), Stats., simply states that one of the general powers possesed by county boards is to "[e]xamine and settle all accounts of the county and all claims, demands or causes of action against the county and issue county orders therefor." It imposes no specific duty on the county to evaluate notices of claims under sec. 893.80 in any particular manner.

The Wagners also cite *Figgs v. City of Milwaukee,* 121 Wis. 2d 44, 357 N.W.2d 548 (1984), in support of their argument that a municipality has "a duty to exercise fundamental fairness in evaluating claims." Here, too, we find the reference unpersuasive. In *Figgs,* the city intentionally waited for two years—until after the case had been tried to a jury—to assert that the notice was inadequate on its face because it did not sufficiently itemize the claim. *Id.* at 55, 357 N.W.2d at 554. The court's reference to the need for "[f]undamental fairness ... in the handling and disposition of claims," had nothing to do with evaluation. Rather, the comment was directed to the city's two-year delay in raising a defense known to it all along. *Id.* at 56, 357 N.W.2d at 555. Nothing of the sort is claimed in this case.

Section 893.80(1), Stats., bars a potential plaintiff from bringing suit against the county unless two conditions precedent are met: (1) the filing of a written notice of claim within 120 days of the event giving rise to the claim; and (2) the county's disallowance of the claim. Until the claim is disallowed, the plaintiff has no right to bring an action. The county's failure to grant or deny the claim within 120 days after its presentation is the functional equivalent of "disallo-

wance" for purposes of the statute. Section 893.80(1)(b) is an "automatic" disallowance provision which prevents claims from languishing indefinitely and assures the plaintiff the opportunity to seek other forms of relief within a reasonable time. It does not create a right in the claimant to have the claim considered in any specific manner or fashion.

Indeed, the *Figgs* court acknowledged that the *only* purpose of notice-of-claim statutes is to "afford [ ] the municipality an opportunity to compromise and settle [the] claim without litigation." *Id.* at 53, 357 N.W.2d at 553, quoting from *Gutter v. Seamandel,* 103 Wis. 2d 1, 11, 308 N.W.2d 403, 408 (1981). We decline the Wagners' invitation to add to the statute or read additional rights into the existing statutory language. Nor are we willing to extend the principles of insurance company "bad faith" tort liability to municipal claim cases. The Wagners' argument on this point is largely undeveloped, and we decline to consider it further. The trial court correctly dismissed the fourth cause of action in the Wagners' amended complaint.

## II. SUMMARY JUDGMENT

We turn to the summary judgment issues. The procedures applicable to review of summary judgments are summarized in *In re Cherokee Park Plat,* 113 Wis. 2d 112, 116, 334 N.W.2d 580, 582–83 (Ct. App. 1983). We look first to the complaint to determine whether it states a claim for relief. Only if it does, do we consider whether the responsive pleading joins the issue. If the issue is joined, we then look to the affidavits of the moving party to see whether they contain evidentiary facts sufficient to state a *prima*

*facie* case for relief or, if the defendant is the moving party, a *prima facie* defense. If we so determine, we next examine the opposing party's affidavits to see whether there is a genuine issue of material fact, or whether reasonable conflicting inferences may be drawn from undisputed facts. If either question is answered in the affirmative, a trial is necessary and disposition of the case on summary judgment is improper. Only if each test is met along the way is summary judgment an appropriate remedy.

The first question is whether the Wagners' complaint states a cause of action, and we are guided in this inquiry by the same rules applicable to motions to dismiss for failure to state a claim upon which relief may be granted. The first cause of action alleges that the county, through its employees, was "negligent in failing to properly evaluate and investigate [R.S.] to ascertain [his] propensities to commit destructive and illegal acts such as the fire ...." The Wagners claim that, as a result of this negligence, the county should be held liable for the $48,045 loss they suffered when R.S. started the fire that destroyed their barn. The second cause of action alleges that the county breached the terms of a "Foster Home Agreement" which states, among other things, that the county "AGREES ... [t]o provide all pertinent reliable information available to help [the] foster parents decide whether or not to accept this placement." The third cause of action is the insurer's subrogation claim. The Wagners' insurer, Mt. Morris, paid $11,774 to the Wagners for loss of their barn and claims that it is subrogated to the Wagners' rights against the county to the extent of that payment.

 Under Wisconsin's "notice pleading" rules, a complaint may be dismissed for failure to state a claim only if "it appears to a certainty that no relief can be granted under any set of facts which plaintiffs could prove in support of [it]." *Quesenberry v. Milwaukee County,* 106 Wis. 2d 685, 690, 317 N.W.2d 468, 471 (1982). We have set forth the substance of the complaint, and we consider that the allegations are minimally adequate to state claims for negligence and breach of contract. And, because Mt. Morris's claim stands or falls on the strength of the Wagners' claims, it, too, is sufficient.

The county argues, however, that both the negligence and contract causes of action should be dismissed because there can be no recovery as a matter of law. Specifically, it contends that sec. 48.627, Stats. (1983–84), provides the exclusive remedy for foster parents damaged by acts of children placed in their care. In addition, the county maintains that the contract claim must be dismissed because the document claimed to be the contract has no legal status.

As to the negligence claim, on the date of the fire, June 2, 1984, sec. 48.627, Stats. (1983–84), provided as follows:

> Foster parent insurance. The [Wisconsin] department [of Health and Social Services] ... may ... purchase insurance to cover the cost of damages sustained by a foster parent or a member of the foster parent's family as a result of the act of a foster child in the foster parent's care, to the extent not covered by other insurance and subject to the limitations contained in the policy.

The county argues that the statute contemplates that foster parents will carry their own homeowners insurance for damages suffered as a result of the child's acts, and that the state will appropriate funds to purchase insurance to cover any excess liability. It contends that this insurance constitutes the parents' exclusive recourse for any damage caused by the child.

We agree with the county that a successful foster care program requires a cooperative effort on the part of all "members of the team"—the parents, the child, and the agency—to work together in the child's best interest, and that lawsuits among the participants can be inimical to those goals. But it is quite a step from acceptance of that notion to declaring that sec. 48.627, Stats. (1983–84), effectively shields the county from responsibility for the results of its negligence or the breach of its contracts with program service providers.

■ Construction of a statute begins with its language. If the language is clear and unambiguous, we need go no further, for the primary source of statutory interpretation is the language of the statute itself. *Robert Hansen Trucking, Inc. v. LIRC,* 126 Wis. 2d 323, 332, 337 N.W.2d 151, 155 (1985). If the statute is clear on its face—if we can ascertain its meaning by resort to its language alone—we give effect to that language and need not look to "extrinsic aids" or judicial rules of construction. *State v. Denter,* 121 Wis. 2d 118, 123, 357 N.W.2d 555, 557 (1984); *State Historical Society v. Maple Bluff,* 112 Wis. 2d 246, 252–53, 332 N.W.2d 792, 795 (1983).

■ We cannot read into the plain language of sec. 48.627, Stats. (1983–84), any intent to bar otherwise validly-stated negligence or contract claims asserted

against a county by a foster parent. The statute simply recognizes that foster parents may or may not have homeowners insurance, and that the Wisconsin Department of Health and Social Services may purchase insurance to protect foster parents from injury or damage caused by the child which are not otherwise insured against. We would have to rewrite the statute to conform it to the county's view, and this we may not do. *State v. Okray Produce Co., Inc.*, 132 Wis. 2d 145, 150, 389 N.W.2d 825, 827 (Ct. App. 1986).

Nor do we believe that the alleged contract on which the Wagners base their second cause of action is unenforceable as a matter of law. The document is made a part of the complaint. It is entitled "Foster Home Agreement," and it contains two headings, "Agency Agrees" and "Foster Parents Agree." Following each heading is a list of ten items dealing with the placement, and one provision in the "Agency Agrees" column states as follows: "To provide all pertinent reliable information available to help foster parents decide whether or not to accept this placement." As indicated, the complaint alleges that the county failed to provide pertinent information about R.S. in violation of the agreement.

The county argues that there was no consideration for the contract because it was under a legal obligation to place R.S. in a foster home as a result of proceedings in juvenile court. We are not persuaded. If a governmental entity's legal obligation to perform a designated function were held to obviate all consideration and thus void its contracts with service providers as a matter of law, highway and construction contractors, food suppliers to institutions, and thousands of other individuals and businesses contracting with governmental agencies for a myriad of services

would be without legal recourse should the agency receiving the service refuse to pay for it.

The Wagners agreed to R.S.'s placement in their home and to perform a variety of services in connection with that placement, and "[i]t is ... hornbook law that mutual promises are sufficient consideration" for a contract. *Chudnow Const. Corp. v. Commercial Disc. Corp.*, 48 Wis. 2d 653, 658, 180 N.W.2d 697, 699 (1970). We note, too, that there is consideration may take the form of a detriment incurred by the promisee; and that "detriment" has been defined as the performance of "any act which occasioned [the promisee] the slightest trouble or inconvenience, and which he was not obliged to perform." *First Wisconsin Nat. Bank v. Oby*, 52 Wis. 2d 1, 5–6, 188 N.W.2d 454, 457 (1971), quoting 1 Williston, *Contracts* (3d ed.), pp. 375–80, secs. 102, 102A.

We agree with the county that the "agreement" is not in precise legal form and contains some very general language. But sec. 48.57(1)(h), Stats., authorizes counties "to contract with any parent ... for the care and maintenance of any child," and the parties each signed a document in which the county "agree[d]" to provide all available pertinent information to the Wagners to help them decide whether to accept R.S.'s placement. We consider the complaint adequate to state a claim for breach of contract.

Having determined that the complaint, on its face, states claims for negligence and breach of contract which are not barred by sec. 48.627, Stats. (1983–84), we next consider the county's affidavits to see whether they establish a *prima facie* defense to either or both claims.

The county's motion is supported by a single four-paragraph affidavit in which R.S.'s mother discusses an otherwise unexplained incident involving R.S. and his sister, and states that R.S.'s own statement in a deposition that he once burned down the family garage was untrue. Aside from that, the motion recites that it is also based on "the pleadings, the record, and the depositions in this case . . . ." However, the pleadings may not be relied on at this stage of summary judgment proceedings, *In re Cherokee Park Plat,* 113 Wis. 2d at 119, 334 N.W.2d at 584, and uncited references to depositions and other materials are inadequate. *Commerce Ins. Co. v. Merrill Gas Co.,* 271 Wis. 159, 168–69, 72 N.W.2d 771, 775 (1955). If depositions or other record items are to be used on summary judgment motions, they must be accompanied by an affidavit containing appropriate page references. *Id.* Our inquiry is confined to the county's affidavit, and we do not consider that it states a *prima facie* defense to either the negligence or the contract claim.

A defendant is not entitled to summary judgment "unless the facts presented conclusively show that the plaintiff's action has no merit and cannot be maintained." *Goelz v. Milwaukee,* 10 Wis. 2d 491, 495, 103 N.W.2d 551, 553 (1960). The right to summary judgment must be demonstrated "with such clarity as to leave no room for controversy." *Kraemer Bros. v. United States Fire Ins. Co.,* 89 Wis. 2d 555, 566, 278 N.W.2d 857, 862 (1979). To state a *prima facie* defense, the affidavits must state evidentiary facts which, if uncontroverted, would resolve all factual issues in the defendant's favor. *Walter Kussuba, Inc. v. Bauch,* 38

Wis. 2d 648, 655, 158 N.W.2d 387, 391 (1968). The county's single, brief affidavit does not meet these standards, and "[i]f the defendant does not make out a *prima facie* case for summary judgment we need go no further." *Kraemer Bros.* at 566–67, 278 N.W.2d at 862. Our analysis stops and we must reverse the judgment.

In so ruling in this case, we note that the Wagners filed an affidavit, exhibits, and excerpts from several depositions in opposition to the county's motion, and that both parties have argued at length from the facts stated in those documents—facts which go largely to R.S.'s past conduct and the information provided to the Wagners by the county prior to his placement with them. While only one or two assertions in those documents are contradicted by R.S.'s mother's affidavit, we consider that, in and of themselves, they raise inferences and factual questions concerning the county's alleged negligence and breach of contract that are more appropriately resolved at trial.

Summary judgment is appropriate only when the material facts are not in dispute and any inferences which reasonably may be drawn from those facts can lead only to one conclusion. *Radlein v. Industrial Fire & Cas. Ins. Co.*, 117 Wis. 2d 605, 609, 345 N.W.2d 874, 877 (1984). By their very nature, negligence actions are rarely susceptible to resolution in summary proceedings. "It is a rare case when summary judgment can be granted in an action grounded on negligence." *Dottai v. Altenbach*, 19 Wis. 2d 373, 375, 120 N.W.2d 41, 42 (1963). This is not such a case.

*By the Court.*—Judgment affirmed in part, reversed in part, and cause remanded for further proceedings consistent with this opinion.

SUNDBY, J. (*dissenting in part*). Plaintiffs' fourth cause of action raises important issues of statutory interpretation and public policy which can best be decided upon an evidentiary record. *See Scarpaci v. Milwaukee County*, 96 Wis. 2d 663, 702, 292 N.W.2d 816, 834 (1980) (whether medical examiner has absolute immunity or qualified immunity is better made initially upon an evidentiary record and not at the pleading stage); *Coffey v. Milwaukee*, 74 Wis. 2d 526, 543, 247 N.W.2d 132, 140–41 (1976) (complex issue of municipal tort liability arising out of alleged negligence of a building inspector in carrying out fire inspections better determined after a full trial).

Plaintiffs' fourth cause of action raises these issues: (1) Whether sec. 893.80, Stats., imposes a duty upon the governing body of the local government corporation, subdivision, or agency with whom a claim is filed to evaluate that claim. (2) Whether failure of the governing body to evaluate a claim filed under sec. 893.80 deprives the claimant of due process of law under the federal and state constitutions. (3) Whether a conspiracy between the local governmental entity and its insurer to deny claims filed under sec. 893.80 without consideration is actionable.

I believe we can better address these issues upon a full record. For these reasons, I would not dismiss the plaintiffs' fourth cause of action.