Beth HOLSEN, Charles Holsen, Jr., Daniel Holsen, James Holsen, Jill Jones and Michael Jones, Plaintiffs-Appellants,

v.

HERITAGE MUTUAL INSURANCE COMPANY, Prasser-Kleczka, Inc., Jerome J. Kleczka, James G. Waldhuetter and Michael G. Smukowski, Defendants-Respondents.

Court of Appeals

*No. 91–0400. Submitted on briefs October 11, 1991.—Decided November 26, 1991.*

(Also reported in 478 N.W.2d 59.)

642

For the appellants the cause was submitted on the briefs of *Patricia A. Schober* of *Hausmann-McNally, S.C.,* of Milwaukee.

For the respondents the cause was submitted on the briefs of *Arthur P. Simpson* of *Snodgrass & Simpson,* of Milwaukee.

Before Moser, P.J., Sullivan and Fine, JJ.

SULLIVAN, J.   Five adult children and one son-in-law of decedent Charles Holsen, Sr. (collectively, "plaintiffs"), appeal from a final order dismissing their amended complaint for negligent infliction of emotional distress because it failed to state a claim for which relief may be granted.[1] Section 802.06(2)(f), Stats. Their amended complaint seeks compensatory and punitive damages for the intentional and negligent invasion of their right to bury the decedent. This invasion allegedly caused the five adult children extreme emotional distress with accompanying physical pain, suffering and disability. The son-in-law demands damages for the loss of society and companionship of his wife, one of the five adult children. The pleadings, liberally construed as they must be, state a claim upon which relief may be granted. We reverse.

---

[1] In addition to granting the defendants' motion to dismiss the negligent infliction of emotional distress claim, the order denied defendants' motion to dismiss the action for intentional infliction of emotional distress.

## FACTS

The amended complaint alleges that on August 28, 1989, Prasser-Kleczka, Inc. (Prasser-Kleczka), through their agents and employees, "agreed to prepare the decedent's remains for a funeral and burial service in a professional and workmanlike manner." Fifteen minutes before the scheduled time for public visitation, the plaintiffs noted that the remains of another person, later determined to be those of Peter Nemke, were lying in state in the casket purchased by plaintiffs. It is alleged that Prasser-Kleczka undressed the remains of Peter Nemke in search of physical characteristics unique to Charles Holsen, Sr. After about two and one-half hours of discussion, Prasser-Kleczka conceded error and exhumed the putative remains of Peter Nemke, who had been buried the previous day. Decedent Holsen's remains were found in Peter Nemke's grave. Holsen's remains had correspondingly been in state during the Nemke visitation at Prasser-Kleczka.[2]

In their sec. 802.06(2)(f), Stats. motion to dismiss the amended complaint, Prasser-Kleczka and its insurer, Heritage Mutual Insurance Company ("Heritage"), argue that no recovery as a matter of law can be had when the plaintiffs claim that performance under a service contract either intentionally or negligently inflicted emotional distress. They also argue that the plaintiffs are precluded from recovery under a negligent infliction of emotional distress claim because plaintiffs were outside the "zone of danger" that would allow recovery. Finally, Prasser-Kleczka and Heritage contend that Wis-

---

[2]The relatives of Peter Nemke did not notice the mistake during a four-hour wake. Peter Nemke's relatives subsequently commenced a legal action against Prasser-Kleczka.

consin law bars any claim for the negligent mishandling of a corpse.

Prasser-Kleczka's motion to dismiss tests the legal sufficiency of the plaintiffs' amended complaint. *Wagner v. Dissing,* 141 Wis. 2d 931, 936, 416 N.W.2d 655, 657 (Ct. App. 1987), *review denied.* On review of the dismissal, we construe the pleadings liberally and will affirm the dismissal only if it is "quite clear" that the plaintiffs cannot recover under any other circumstances. *Id.*

## NEGLIGENCE

No Wisconsin case has specifically addressed a plaintiff's right to recover damages for negligent mishandling of a corpse. However, fundamental principles defining a survivor's right to bury the body of a relative have been established. Although the duty of a proper burial is owed to the community, and not to the decedent or the survivors, common law provides a right to relatives of a decedent to give the decedent a proper burial. *Koerber v. Patek,* 123 Wis. 453, 459–60, 102 N.W. 40, 42 (1905).[3] More specifically:

> [I]n the nearest relative of one dying, so situated as to be able and willing to perform the duty of ceremonious burial, there vests the right to perform it, and that this is a legal right, which . . . is a wrong to violate, and which, therefore, courts can and should protect and vindicate.

---

[3]The *Koerber* court stated:

We can imagine no clearer or dearer right in the gamut of civil liberty and security than to bury our dead in peace and unobstructed; none more sacred to the individual, nor more important of preservation and protection from the point of view of public welfare and decency.

*Id.* at 463, 102 N.W. at 43.

*Id.* at 459–60, 102 N.W. at 42. The *Koerber* court recognized that the shock to a survivor's affections and subsequent affect on sentimental relationships is a sufficient basis to commence and maintain a claim for relief. *Koerber,* 123 Wis. at 460, 102 N.W. at 42.

Intentional interference with familial burial rights by mutilation or disturbance of the corpse is compensable. *Scarpaci v. Milwaukee County,* 96 Wis. 2d 663, 672–73, 292 N.W.2d 816, 820–21 (1980).[4] "The basis for recovery of damages is found not in a property right in a dead body but in the personal right of the family of the deceased to bury the body." *Id.* In cases where a corpse is intentionally mutilated or intentionally mishandled prior to or at the time of burial, the legal right not to be harmed from such wrongful conduct constitutes a property interest.

> An invasion to such a right need not include either an injury to physical property nor to person or character. The wrongful invasion of a clear right is of itself sufficient to support an action, and the law presumes damages, though they may be only nominal.

*Koerber,* 123 Wis. at 460, 120 N.W. at 42 (citations omitted).[5] At the same time, such a legal right may be denied in the interest of public policy or if the accomplishment of justice is impractical. *Id.*

---

[4]However, if a complaint alleges a *negligent* act with only injury to the feelings of the survivors as the caused harm, there may be no recoverable damages in Wisconsin. *Scarpaci,* 96 Wis. 2d at 673, 292 N.W.2d at 821.

[5]The *Koerber* court specifically limited the plaintiff's ability to maintain an action, absent physical injury, to circumstances where the "defendant's act is alleged to have been wilful." *Id.* at 463, 102 N.W. at 43.

Unlike *Koerber,* where the plaintiff alleged intentional mutilation of a corpse, the complaint in *Scarpaci* contained an allegation of negligent performance of an autopsy resulting in severe emotional distress and accompanying physical injuries to the decedent's relatives.[6] *Scarpaci,* 96 Wis. 2d at 665–66, 292 N.W.2d at 818. The supreme court in *Scarpaci* concluded:

> Because the complaint in the instant case asserts that the defendants' *negligent* or intentional interference with the right of the parents to bury the body caused the plaintiffs both great emotional distress and physical injuries, we conclude that the complaint is sufficient to survive the initial test of a motion to dismiss.

*Id.* at 675, 292 N.W.2d at 822 (emphasis added). The court also stated that if negligence is alleged with an accompanying injury limited to an adverse impact on the survivor's feelings, "there may be no recoverable damages in Wisconsin." *Id.* at 673, 292 N.W.2d at 821.

Prasser-Kleczka argues that a person performing a personal service contract has no duty to complete the contract in a manner that does not create unreasonable risk of emotional harm, citing *Alsteen v. Gehl,* 21 Wis. 2d 349, 361–62, 124 N.W.2d 312, 319 (1963). The *Alsteen* case involved an acrimonious business relationship between an aluminum siding contractor and a wid-

---

[6]The plaintiffs in *Scarpaci* also allege that the autopsy was unauthorized and in violation of sec. 979.121, Stats.; the actual autopsy itself was unreasonable and not performed in good faith; the autopsy was a wilful and wrongful invasion of the survivor's right to provide a proper burial for their child; and argued alternatively that Milwaukee County medical examiner's office intentionally caused the emotional distress of the plaintiffs. *Id.* at 666–68, 292 N.W.2d at 818.

owed homeowner. During the three winter months of home improvement construction, there were several contentious conversations between Mrs. Alsteen and Mr. Gehl. Ten months after the work was commenced, Mr. Gehl filed suit for nonpayment and Mrs. Alsteen filed a separate action claiming an intentional and negligent infliction of severe emotional harm. *Id.* at 353–54, 124 N.W.2d at 314–15. The court limited Mr. Gehl's duty to Mrs. Alsteen to that duty expressed in the four corners of the contract. In affirming the trial court's judgment dismissing Mrs. Alsteen's complaint, the supreme court stated: "Mr. Gehl did not have a duty to Mrs. Alsteen to conduct himself in a manner unlikely to create unreasonable risk of emotional harm." *Id.* at 363, 124 N.W.2d at 319.

Although the holding in *Alsteen* appears relevant to this case, we reject Prasser-Kleczka's assertion that *Alsteen* is controlling. The contractual posture between the parties in this case does not supersede Prasser-Kleczka's common-law duty not to interfere with plaintiffs' right of burial. This duty, first defined in *Koerber,* is imposed on Prasser-Kleczka irrespective of its service contract with the plaintiffs. *McDonald v. Century 21 Real Estate Corp.,* 132 Wis. 2d 1, 6, 390 N.W.2d 68, 70 (Ct. App. 1986) ("existence of a contract is ignored when determining whether [the] misconduct is actionable in tort") (citation omitted), *review denied.* More importantly, the plaintiffs do not allege a separate claim for a negligent performance of a contract—the plaintiffs argue that Prasser-Kleczka negligently interfered with their common-law right to properly conduct a burial.

The plaintiffs allege both negligent and intentional tortious conduct on the part of Prasser-Kleczka. Their

amended complaint further alleges that such conduct caused serious mental anguish and extreme emotional distress which resulted in physical harm of a possibly permanent nature. For the purpose of testing the sufficiency of a complaint, the trial and appellate courts are bound to accept pleaded facts, and all reasonable inferences from them, as true. *Scarpaci,* 96 Wis. 2d at 669, 292 N.W.2d at 819. The plaintiffs have stated a claim that is legally sufficient and therefore should not have been dismissed.

## CAUSATION

Prasser-Kleczka cites *Garrett v. City of New Berlin,* 122 Wis. 2d 223, 362 N.W.2d 137 (1985) and related cases in support of the proposition that the plaintiffs in this case were not within the "zone of danger" necessary to recover for emotional distress damages, even if such distress is manifested by physical harm. We decline to sift through the "zone of danger" versus "substantial factor" conundrum in determining whether the plaintiffs may recover for physical harm because such law is irrelevant to the facts of this case.[7] The plaintiffs have asserted a common-law right to bury their father, which was allegedly interfered with by Prasser-Kleczka's conduct.[8]

---

[7]The "zone of danger" rationale was soundly repudiated by three concurring justices in *Garrett. Id.* at 243–46, 362 N.W.2d at 147–49. The zone of danger analysis is a policy determination of when the defendant's duty to the plaintiff exists. The zone of danger is based upon the range of ordinary physical peril to the plaintiff. *Id.* at 229–30, 362 N.W.2d at 141.

[8]The standing of plaintiff Michael Jones, son-in-law of decedent, was not briefed and therefore will not be addressed by this

In summary, plaintiffs' amended complaint states a claim for which relief can be granted because it alleges an interference with their common-law right of proper burial. The claim, inclusive of the allegation of both emotional and physical harm resulting from Prasser-Kleczka's conduct, is sufficient to withstand the defendants' motion to dismiss.

*By the Court.*—Order reversed and cause remanded.

court. *In re Balkus,* 128 Wis. 2d 246, 255 n.5, 381 N.W.2d 593, 598 n.5 (Ct. App. 1985).