Michael GOUGER, Plaintiff-Appellant-Petitioner,

v.

John HARDTKE and American Family Mutual
Insurance Company, a domestic corporation,
Defendants-Respondents,

Jane DOE, John Doe Insurance Corporation and John
Doe School District, Defendants.

Supreme Court

*No. 90–0787. Oral argument October 29, 1991.—Decided April
9, 1992.*

(Also reported in 482 N.W.2d 84.)

For the plaintiff-appellant-petitioner there were briefs by *Jeffrey D. Berlin* and *Spector and Berlin,* Milwaukee and oral argument by *Jeffrey D. Berlin.*

For the defendants-respondents there was a brief by *Larry J. Britton* and *Vlasak, Rosenbaum, Weede & Britton, S.C.,* Milwaukee and oral argument by *Larry J. Britton.*

HEFFERNAN, CHIEF JUSTICE. This is a review of an October 23, 1990 unpublished decision of the court of appeals which affirmed the summary judgment of the circuit court for Milwaukee County, Patricia D. McMahon, Circuit Judge, dismissing plaintiff's complaint for negligence because the court of appeals con-

cluded that the defendant acted intentionally as a matter of law and the plaintiff failed to commence his action within the two-year statute of limitations for intentional torts. We reverse the decision of the court of appeals because the plaintiff's complaint in its very language states a cause of action for negligence, and because a genuine issue of material fact exists regarding the defendant's intent to cause injury, thus warranting denial of Hardtke's motion for summary judgment.

The facts are largely undisputed. The plaintiff, Michael Gouger, and the defendant, John Hardtke, were students and friends at Mukwanago High School in 1987. On January 6, 1987 Gouger and Hardtke were hassling and teasing one another in a welding shop class. At one point, Gouger threw a piece of soapstone[1] at Hardtke and struck him in the head. Hardtke turned and saw Gouger laughing. Hardtke then picked up the piece of soapstone and threw it back at Gouger. The soapstone struck Gouger in the eye, damaging his cornea.

On September 14, 1989, more than two years after the incident, Gouger filed a personal injury action against Hardtke and his homeowner's insurance carrier, American Family Insurance Company, to recover damages sustained when Gouger was struck by the soapstone. Gouger alleged that Hardtke acted negligently when he threw the soapstone. On October 9, 1989, the law firm of deVries, Vlasak & Schallert, S.C., filed an answer on Hardtke's behalf, asserting that the tort alleged in the complaint was actually an intentional one. On October 11, 1989, the law firm of Flores & Adent filed a second answer on Hardtke's behalf, which stated in part: "At no time did the defendant, Hardtke, inten-

---

[1] A soapstone is a form of chalk used for writing on metal. The piece of soapstone in question was approximately $3'' \times \frac{1}{2}'' \times \frac{1}{8}''$ in size.

tionally throw the [soapstone] at Gouger."[2]

Hardtke moved for summary judgment pursuant to sec. 802.08, Stats., claiming that Gouger's action alleged an intentional tort and was barred by the two-year statute of limitations of sec. 893.57, Stats.[3] Hardtke supported the motion with an affidavit which described his throw as "a line drive" and admitted "that when he threw the soapstone, he was trying to hit Gouger." In opposition to the motion, Gouger submitted an affidavit which stated his belief that "Hardtke did not intend to injure him nor did he intentionally throw the said soapstone at [him]." Gouger's affidavit also referred the circuit court to Hardtke's second answer, through Flores & Adent, which stated that Hardtke did not intentionally throw the soapstone at Gouger.

The trial court held that on the facts before it, Hardtke's intent was a question of law, not a question of fact. With respect to Hardtke's inconsistent pleadings, the trial court stated that "pleadings cannot overcome affidavits," and that under sec. 802.08(3), Stats., parties cannot rely on mere pleadings to oppose a summary judgment motion. The trial court concluded that Hardtke's conduct in throwing the soapstone was "sub-

---

[2]From the record, it appears that Hardtke's insurer, American Family, retained deVries, Vlasak & Schallert, S.C. (now Vlasak, Rosenbaum, Weede & Britton, S.C.), on Hardtke's behalf because of a possible conflict between American Family and Hardtke. The firm of Flores & Adent was apparently hired by Hardtke. American Family was represented by Peterson, Johnson & Murray, S.C., and did not participate in this appeal.

[3]Section 893.57, Stats., provides:

An action to recover damages for libel, slander, assault, battery, invasion of privacy, false imprisonment or other intentional tort to the person shall be commenced within 2 years after the cause of action accrues or be barred.

stantially certain" to result in some injury, and that under *Pachucki v. Republic Insurance Co.*, 89 Wis. 2d 703, 278 N.W.2d 898 (1979), the court could infer Hardtke's intent to injure as a matter of law. Because the statute of limitations for intentional torts expired before Gouger filed the action, the trial court granted Hardtke's motion and dismissed the action.

The court of appeals affirmed the trial court's judgment in an unpublished opinion. The court held that Hardtke's affidavit was "uncontroverted" and established as a matter of law that his conduct was intentional. The court refused to consider Hardtke's inconsistent pleadings as establishing an issue of fact, concluding that "the office of pleadings is to set forth a claim for relief and defenses," and that under sec. 802.08(3), Stats., an adverse party cannot rely "upon the mere allegations or denials of the pleadings" when opposing a motion for summary judgment.

Judge Fine dissented, noting first that intent is ordinarily a question of fact, and that the narrow exception recognized in *Pachucki* and *K.A.G. v. Stanford,* 148 Wis. 2d 158, 434 N.W.2d 790 (Ct. App. 1988) is inapplicable. "Simply put, there is not here the equivalent 'degree of certainty that the conduct will cause injury' so as 'to justify inferring intent as a matter of law' as there was in *K.A.G.*" Second, Judge Fine reasoned that Hardtke's inconsistent pleadings could be used by Gouger to oppose Hardtke's motion for summary judgment:

> The prohibition in Rule 802.08(3), Stats., against "an adverse party" resting "upon the mere allegations or denials of the pleadings" merely prevents that adverse party from opposing a summary judgment motion with *its own* pleadings; it does not, and logically cannot, prevent the adverse party from inter-

posing the *opponent's* pleadings as an evidentiary admission under Rule 908.01(4)(b) any more than it would prevent an opponent's personal statement from being used in opposition to a motion for summary judgment. (Emphasis in original.)

We agree with Judge Fine's analysis, and reverse the decision of the court of appeals.

On review of a grant of summary judgment, this court applies the standards set forth in sec. 802.08, Stats., in the same manner as the circuit court. *Loveridge v. Chartier,* 161 Wis. 2d 150, 167, 468 N.W.2d 146 (1991). This court follows a two-step process when reviewing a motion for summary judgment. First, the court examines the pleadings to determine whether a claim for relief has been stated. Second, if a claim for relief is stated, the court determines whether there are any genuine issues of material fact. *Id.* The moving party bears the burden of proving that summary judgment is appropriate, and any doubt as to the existence of an issue of material fact will be resolved against it. *Grams v. Boss,* 97 Wis. 2d 332, 338–39, 294 N.W.2d 473 (1980).

The first question is whether Gouger's complaint states a cause of action or claim based on negligence. Hardtke asserts that as a matter of law Hardtke's conduct was intentional. Because the statute of limitations for an intentional tort is two years, sec. 893.57, Stats., and the statute of limitations for negligence actions is three years, sec. 893.54, Stats., a party may not allege an intentional tort action in negligence language in order to avoid the statute of limitations. If a negligence action is filed more than two years after the injury, and the defendant proves, either as a matter fact or law, that the injury was intended, the action must be dismissed.

511

Therefore, a determination that Hardtke acted with intent to cause injury warrants summary judgment in Hardtke's favor. If a factual determination is necessary to resolve the issue of whether the conduct was intentional or negligent, then summary judgment is improper and the matter should proceed to trial.

■

In order to address this question properly, it is necessary to examine the demarcation between negligent conduct and intentional conduct. The principal difference between negligent and intentional conduct is "the difference in the probability, under the circumstances known to the actor and according to common experience, that a certain consequence or class of consequences will follow from a certain act." *Pachucki,* 89 Wis. 2d at 710, citing *Falk v. Whitewater,* 65 Wis. 2d 83, 86–87, 221 N.W.2d 915 (1974). Intent requires both an intent to do an act and an intent to cause injury by that act. An intent to cause injury exists where the actor subjectively intends to cause injury or where injury is substantially certain to occur from the actor's conduct. *Id. See* Restatement (Second) of Torts, sec. 8A at 15 (1965). If the conduct merely creates a foreseeable risk of some harm to someone, which may or may not result, the conduct is negligent. *A.E. Investment Corp. v. Link Builders, Inc.,* 62 Wis. 2d 479, 483–84, 214 N.W.2d 764 (1974).

Hardtke asserts that prior decisions of this court warrant inferring intent to injure as a matter of law from the conduct of intentionally throwing a small piece of soapstone at another. We disagree.

■

Intent to injure can be inferred " 'if the degree of certainty that the conduct will cause injury is suffi-

ciently great to justify inferring intent to injure.' "⁴
*Loveridge,* 161 Wis. 2d at 169, citing *K.A.G. v. Stanford,*
148 Wis. 2d 158, 163, 434 N.W.2d 790 (Ct. App. 1988).
In *K.A.G.,* the court of appeals created an exception to
the general rule that intent is a question of fact to be
decided by the trier of fact. The exception allows the
court to determine as a matter of law that an actor
intended to injure another person, regardless of the
actor's claimed intent. The exception arises from the
following language from W. Prosser, *Handbook of the
Law of Torts* 31–32 (4th ed. 1971), which this court cited
in *Pachucki,* 89 Wis. 2d at 711:

> Intent, however, is broader than a desire to bring
> about physical results. It must extend not only to
> those consequences which are desired, but also to
> those which the actor believes are substantially cer-
> tain to follow from what he does. . . . The man who
> fires a bullet into a dense crowd may fervently pray
> that he will hit no one, but since he must believe and
> know that he cannot avoid doing so, he intends it.
> The practical application of this principle has meant
> that where a reasonable man in the defendant's posi-
> tion would believe that a particular result was sub-
> stantially certain to follow, he will be dealt with by

⁴The law defining "intent" in Wisconsin has developed pri-
marily in the context of exclusions from homeowner insurance
policies. These policies generally exclude from coverage bodily
injury or property damage "which is expected or intended by the
insured." *See, e.g., Pachucki,* 89 Wis. 2d at 705; *K.A.G.,* 148 Wis.
2d at 162; *Raby v. Moe,* 153 Wis. 2d 101, 107, 450 N.W.2d 452
(1990). The "intent" referred to in those cases is identical to the
"intent" involved in an intentional tort action. For example, in
*Pachucki,* we referred to the above exclusions as "intentional tort
exclusions," and applied common tort law principles to define
intent. *Pachucki,* 89 Wis. 2d at 709–11.

the jury, *or even by the court,* as though he had intended it. (Emphasis supplied.)

The court of appeals in *K.A.G.* stated that where an act is intentional and substantially certain to cause injury, the court may as a matter of law infer an intent to injure. *K.A.G.,* 148 Wis. 2d at 163. The court of appeals stated that the "applicability of this rule is narrow" and "will only be applied if the degree of certainty that the conduct will cause injury is sufficiently great to justify inferring intent to injure as a matter of law." *Id.* The court declined to adopt a bright-line rule, instead preferring a case-by-case analysis, where "the more likely harm is to result from certain intentional conduct, the more likely intent to harm may be inferred as a matter of law." *Id.* at 165.

The *K.A.G.* court concluded that the sexual molestation of a minor warranted inferring an intent to cause injury. Subsequent decisions of this court have adopted and applied reasoning of *K.A.G.*. See *N.N. v. Moraine Mutual Ins. Co.,* 153 Wis. 2d 84, 92–94, 450 N.W.2d 445 (1990) (intent to harm inferred where defendant pleaded guilty to sexual molestation of a minor); *Raby v. Moe,* 153 Wis. 2d 101, 113, 450 N.W.2d 452 (1990) (*K.A.G.* exception applies whenever criminal conduct imposes substantial threat to the safety of innocent victims); and *Loveridge,* 161 Wis. 2d at 172–74 (no inference of intent to injure where 44-year-old man had consensual sex with a 16-year-old girl).

■

The facts in this case do not warrant inferring as a matter of law that Hardtke intended to injure Gouger. The conduct of throwing a piece of soapstone at another person, even with the intent of hitting that person, is not so substantially certain to cause injury that a court may infer an intent to injure. Indeed, in light of the fact that

Hardtke and Gouger were friends, it is equally or perhaps more reasonable to infer that Hardtke did not intend to injure Gouger.

Additionally, the court must consider whether the contact or result itself was substantially certain to occur. It cannot be said that there was a substantial certainty that Hardtke would hit Gouger with the soapstone at all. While Hardtke swears he intended to hit Gouger, the record indicates that he was throwing a rather small object ($3" \times \frac{1}{2}" \times \frac{1}{8}"$) at a target approximately twenty feet away. Hardtke's relative marksmanship aside, this fact further distinguishes this case from *K.A.G.* and *N.N.*, where the contact had already taken place, *Raby*, where the criminal nature of the conduct strengthened the inference, and Prosser's hypothetical of a man firing a gun into a "dense crowd." *Pachucki,* 89 Wis. 2d at 711.

It must be noted that the magnitude of potential injury is not dispositive. *Pachucki,* 89 Wis. 2d at 711. A substantial certainty of any injury, great or small, may warrant inferring intent to injure as a matter of law. We do not hold that striking another with a thrown piece of soapstone is not harmful. However, neither can it be said that striking another with such an object is per se harmful. The certainty of injury from such conduct is a question of fact.

Hardtke strenuously argues that this case is nearly identical to *Pachucki* and thus intent to injure should be inferred. Hardtke misreads *Pachucki.* In that case, the underlying action went to trial, and the circuit court as the trier of fact determined that an intent to inflict injury could be inferred as a matter of fact from the nature of the defendants' conduct. *Pachucki,* 89 Wis. 2d at 711-12. This court held that the circuit court's conclusion was "not contrary to the great weight and clear

515

preponderance of the evidence," and stated that "in each case of this type, the intent to inflict injury is a question of fact." *Id.* So it is in this case.

Hardtke failed to prove as a matter of law that he intended to injure Gouger. Construed liberally, Gouger's complaint states facts constituting a claim for negligence. Paragraph 6 of the complaint states that Gouger's injuries were caused by Hardtke's "negligence . . . in the manner and method he threw the said foreign object, in failing to properly ascertain and anticipate that throwing such an object would strike the said plaintiff, or other persons in the area, and cause injury to the said plaintiff, or other persons." This allegation states a claim for ordinary negligence. *See A.E. Investment Corp.,* 62 Wis. 2d at 483–84.

Having concluded that Gouger's complaint states a valid cause of action, we next examine whether any genuine issue of material fact exists which would preclude summary judgment. Hardtke argues that his "uncontroverted" affidavit establishes as a matter of fact that he acted intentionally. Hardtke's affidavit states in part:

> [A]ffiant then picked up the soapstone and threw it side arm at Gouger; affiant would describe the throw as a line drive; affiant admits that when he threw the soapstone, he was trying to hit Gouger.

Significantly, the affidavit does not state that Hardtke was trying to or intended to injure Gouger; he merely intended to hit him. As explained above, the intent to hit does not translate automatically into an intent to injure.

More importantly, however, the subjective intent of an individual, where it is dispositive of the action, is an

ultimate question of fact, and should ordinarily be determined by the trier of fact. As stated by one court:

> Courts must be cautious in granting a motion for summary judgment when resolution of the dispositive issues requires, as in this case, determination of state of mind. In such circumstances, the fact finder should be given an opportunity to observe the demeanor of the witnesses whose states of mind are at issue. *Croley v. Matson Navigation Co.*, 434 F.2d 73, 77 (5th Cir. 1970). On the other hand, "the fact that a party desires to have an affiant's statements tested by a jury, in and of itself, will not preclude a grant of the motion [of summary judgment] unless the evidence presented casts sufficient doubt on the affiant's credibility to create a genuine issue of material fact." 10A Wright & Miller, Federal Practice and Procedure § 2730, at 237–38 (2d Ed. 1983) (footnote omitted).

*Turnbull v. LaRose,* 702 P.2d 1331, 1335 (Alaska 1985). *See also White v. Roper,* 901 F.2d 1501, 1505 (9th Cir. 1990) ("Where the defendant's intent is at issue, summary judgment is appropriate 'only if all reasonable inferences defeat the plaintiff's claims.' " (Citations omitted.)) Where an individual's state of mind is at issue, and the party opposing the motion for summary judgment shows facts which cast doubt upon the affiant's credibility, the trier of fact must be allowed to evaluate the individual's testimony in light of the credibility of the individual and other circumstantial evidence.

In this case, the "horseplay" nature of the conduct in question, the fact that Gouger and Hardtke were friends at the time, and Hardtke's inconsistent pleading stating that he did not act intentionally cast sufficient

517

doubt on Hardtke's credibility to create a genuine issue of material fact.

Hardtke's inconsistent pleadings also create an issue of material fact regarding Hardtke's intent. Gouger's affidavit in response to the motion for summary judgment pointed out to the trial court that Hardtke had filed an answer denying that he acted intentionally. Hardtke argues that his inconsistent pleadings cannot be used to show a genuine issue of material fact under sec. 802.08(3), Stats., which states in relevant part:

> Supporting and opposing affidavits shall be made on personal knowledge and shall set forth such evidentiary facts as would be admissible in evidence. . . . When a motion for summary judgment is made and supported as provided in this section, *an adverse party may not rest upon the mere allegations or denials of the pleadings* but the adverse party's response, by affidavits or as otherwise provided in this section, must set forth specific facts showing that there is a genuine issue for trial. (Emphasis supplied.)

The court of appeals agreed with Hardtke, and held that Gouger's affidavit was ineffectual because he was merely resting upon the allegations and denials of the pleadings.

We do not so construe sec. 802.08(3), Stats. The statute precludes a party from relying on its own pleadings to establish an issue of material fact, but does not preclude a party from relying upon the opposing party's adverse pleadings to establish an issue of material fact. Adverse pleadings are admissible at trial as an admission by a party opponent under sec. (Rule) 908.01(4)(b)3 or 4, Stats.[5] *See Sunkyong Int'l, Inc. v. Anderson Land &*

---

[5]Section 908.01(4), Stats., provides in part:

A statement is not hearsay if:

*Livestock Co.*, 828 F.2d 1245, 1249 n. 3 (8th Cir. 1987) (pleading is admissible as an admission under Federal Rule of Evidence, 801(d)(2), the federal rule equivalent to sec. (Rule) 908.01(4)(b), even though it has been abandoned or amended, and even if it "no longer serves any function in the case").

The purpose of allowing admissions of a party opponent at trial is to challenge the credibility of the witness. There is no reason to preclude the court from considering such evidence at the summary judgment stage to challenge the credibility of an individual's factual assertions in an affidavit. Indeed, Gouger was doing nothing more than "setting forth such evidentiary facts as would be admissible in evidence" as required by sec. 802.08(3). Moreover, sec. 802.08(2), Stats., states in part that summary judgment:

> . . . shall be rendered if the *pleadings,* depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. (Emphasis supplied.)

The clear intendment of this section is that in certain situations, the pleadings may be considered by the court on a motion for summary judgment.

Hardtke argues that *Leszcynski v. Surges,* 30 Wis. 2d 534, 141 N.W.2d 261 (1966) establishes that affidavits

(b) The statement is offered against a party and is:

3. A statement by a person authorized by him to make a statement concerning the subject, or

4. A statement by his agent or servant concerning a matter within the scope of his agency or employment, made during the existence of the relationship . . . ..

take precedence over pleadings, and therefore Hardtke's affidavit cannot be affected by his earlier inconsistent answer. In that case, we stated:

> To defeat the motion [for summary judgment], the statute requires the opposing party by affidavit *or other proof* to show facts which the court shall deem sufficient to entitle him to a trial. Such proof may be less than is sufficient to prove his case, but it must be substantial and raise questions of fact. *Voysey v. Labisky* (1960), 10 Wis. (2d) 274, 103 N.W. (2d) 9. This showing of a defense must be by affidavit *or other proof* and a defendant cannot stand on a verified answer to perform that function. Pleadings are ineffectual as proof because facts stated in an affidavit take precedence over inconsistent allegations in a pleading.

*Leszcynski*, 30 Wis. 2d at 539 (emphasis supplied). *Leszcynski*, however, held only that the moving party's affidavit takes precedence over the opposing party's pleadings, thereby requiring the opposing party to support its own pleadings with evidentiary facts. The moving party's own inconsistent pleadings, admissible during trial as an admission, constitute "other proof" which the opposing party may use to raise an issue of material fact.

Gouger properly referred the trial court to Hardtke's inconsistent pleading, and this other proof establishes the existence of an issue of material fact—whether Hardtke acted intentionally—which must be resolved by a trier of fact.

Because Gouger's complaint states a cause of action for negligence, and because there exists a genuine issue of material fact regarding Hardtke's intent, summary judgment dismissing Gouger's action was improper.

*By the Court.*—The decision of the court of appeals is reversed and the cause remanded to the circuit court for trial.

STEINMETZ, J. *(dissenting).* I respectfully dissent from the majority opinion because the majority has improperly used the pleadings in this case. The majority incorrectly compares the pleadings with defendant Hardtke's affidavit.[1] Formerly, pleadings were made under oath, sworn to by litigants, and stated evidentiary or ultimate facts.[2] Section 802.02, Stats., however, did away with ultimate fact pleadings and the practice changed to notice pleadings in 1976.[3] Since that time the law has required pleadings to contain "a short and plain statement of the claim, identifying the transaction, occurrence or event out of which the claim arises and showing that the pleader is entitled to relief. . . ." *See* sec. 802.02(1)(a). In addition, a pleading must incorporate "a demand for judgment for the relief to which the pleader deems to be entitled. . . ." *See* sec. 802.02(1)(b).

---

[1]Hardtke's affidavit states that he intended to hit plaintiff Gouger but does not state he intended to injure the plaintiff.

[2]The former law was set forth under Chapter 263 and stated that the complaint shall contain, among other things, "[a] plain and concise statement of the *ultimate facts* constituting each cause of action . . .." *See* sec. 263.03(2), Stats. (1975) (emphasis added). The law also required that "[e]very pleading, except a demurrer, must be verified; but the verification may be omitted when an admission of the allegations might subject the party to prosecution for felony." *See* sec. 263.24 (1975). The verification was required to be "by the affidavit of the party, or if there be several parties united in interest and pleading together, by one at least of such parties acquainted with the facts." *See* sec.263.25(1) (1975).

[3]*See* Supreme Court Order, 67 Wis. 2d 616, effective Jan. 1, 1976.

The defendant's pleadings in this case were not admissions or ultimate facts made under oath; rather, they were mere statements which were written by the party's attorney. They should therefore not be considered as evidence.

Section 802.08(3), Stats., supports this conclusion as well. It states in relevant part:

> Supporting and opposing affidavits shall be made on personal knowledge and shall set forth such evidentiary facts as would be admissible in evidence. . . . When a motion for summary judgment is made and supported as provided in this section, an adverse party may not rest upon the mere allegations or denials of the pleadings but the adverse party's response, by affidavits or as otherwise provided in this section, must set forth specific facts showing that there is a genuine issue for trial.

The only evidence provided by plaintiff to show that the incident involved negligence rather than an intentional tort was an affidavit which was a mere recitation of the unsworn pleading. In fact, plaintiff lacked relevant evidence that contradicted Hardtke's affidavit stating that he intended to hit Gouger.

When ruling on a motion for summary judgment, Wisconsin courts are to determine whether the pleadings show that factual issues exist. *Green Spring Farms v. Kersten,* 136 Wis. 2d 304, 317, 401 N.W.2d 816 (1987). If factual issues exist, as they did in the present case, then the court "examines the moving party's *affidavits* for evidentiary facts to determine whether the party made a prima facie case for summary judgment." *See* 5 Callaghan's Wis. Pl & Pr (3rd Ed) sec. 38.27 (emphasis added). When it is determined that a prima facie case has been made, "the court examines the opposing *affidavits* for evidentiary facts and proof to determine whether

a genuine issue exists as to any material fact." *Id.* (emphasis added). *See also Wagner v. Dissing,* 141 Wis. 2d 931, 939-40, 416 N.W.2d 655 (Ct. App. 1987), *Kimpton v. New Lisbon School Dist.,* 138 Wis. 2d 226, 230-31, 405 N.W.2d 740 (Ct. App. 1987). This court examined pleadings when it should have been reviewing affidavits to determine whether a prima facie case exists for summary judgment and to determine whether a genuine issue exists as to any material fact.

Furthermore, the majority inappropriately supports its use of the pleadings by considering pleadings as "other proof." Majority op. at 519 (citing *Leszczynski v. Surges,* 30 Wis. 2d 534, 539, 141 N.W.2d 261 (1966)). The term "other proof" is meant to include evidence from adverse examinations, depositions, answers to interrogatories, and answers to motions to admit or deny. All such matters must be sworn to under oath. Contrary to what the majority states, "other proof" does not mean unverified pleadings created by attorneys.

I believe the case should be remanded to the trial court for further proceedings consistent with the reasoning set forth above, and, therefore, I respectfully dissent.