In the Matter of the Findings of Contempt in State v. Kevin L. Shepard:

Kevin L. Shepard, Appellant,

v.

Circuit Court for Outagamie County, the Honorable Dennis C. Luebke, Presiding, Respondent.

Court of Appeals

*No. 94–2003. Submitted on briefs October 26, 1994.—Decided November 8, 1994.*

(Also reported in 525 N.W.2d 764.)

279

On behalf of appellant, the cause was submitted on the brief of *Michael Yovovich*, assistant state public defender, of Madison.

On behalf of respondent, the cause was submitted on the brief of *James E. Doyle*, attorney general, and

*James H. McDermott*, assistant attorney general, of Madison.

Before Cane, P.J., LaRocque and Myse, JJ.[1]

LaROCQUE, J. Kevin Shepard appeals an order imposing a jail sentence for summary contempt based upon his state of intoxication at the time of his criminal plea and sentencing hearing. The circuit court decided that Shepard's condition was intentional misconduct, called into question the validity of his no contest plea and required the vacation of that plea. It summarily imposed a fifteen-day jail sentence pursuant to ch. 785, STATS., but stayed it pending this appeal. Shepard argues that intentional misconduct requires more than an impaired mental capacity due to consumption of intoxicants. Shepard concludes that the record fails to disclose sufficient evidence of "intentional misconduct" as required by ch. 785.[2] We disagree and affirm the order.

---

[1] Upon the chief judge's order, this has been issued as a three-judge opinion pursuant to § 809.41(3), STATS.

[2] Section 785.01, STATS., provides:

Definitions. In this chapter:

(1) "Contempt of court" means intentional:

(a) Misconduct in the presence of the court which interferes with a court proceeding or with the administration of justice, or which impairs the respect due the court. . ..

Section 785.03(2), STATS., provides:

(2) Summary procedure. The judge presiding in an action or proceeding may impose a punitive sanction upon a person who commits a contempt of court in the actual presence of the court. The judge shall impose the punitive sanction immediately after the contempt of court and only for the purpose of preserving order in the court and protecting the authority and dignity of the court.

Shepard appeared in court with counsel to plead no contest and be sentenced for operating a motor vehicle while his driving privileges were revoked (second offense criminal). When the court asked Shepard if he was under the influence of intoxicants, Shepard responded: "I had a couple of beers." When asked: "How many is a couple of, Mr. Shepard?" he responded: "Three." The court observed that Shepard appeared to be under the influence based upon his "demeanor and responses and appearance." After a lengthy plea colloquy, this exchange also occurred:

THE COURT: Can I ask you a question? I suppose you can decline to answer because of the attorney/client relationship. Do you notice any odor of intoxicants upon Mr. Shepard?

MR. BARTMAN [Defense Counsel]: He has admitted to me that he had been drinking.

THE DEFENDANT: I had a couple of beers.

THE COURT: As he admitted to the Court.

THE DEFENDANT: I told you that.

THE COURT: Three beers, Mr. Shepard, generally does not account for at least in my estimate of the impairment of your judgment I think is being—

THE DEFENDANT: My judgment, you know—

THE COURT: Let me finish here. As being exhibited by your demeanor as you sit in the courtroom, the way you have responded and spoken, the way you appear, I am, therefore—

THE DEFENDANT: I just got done working, Your Honor.

283

THE COURT: I'm going to ask you to submit to a preliminary breath test that the officer here can administer.

THE DEFENDANT: Like, what reason is this? Why?

THE COURT: Because I think that there is sufficient reason for this court to believe that you are indeed under the influence and for you to appear in court under that circumstance—

THE DEFENDANT: Yeah, I got my best friend here.

THE COURT: —is contemptuous of court proceedings. It puts into question the validity of that which we do here today. If you would.

(The officer administers the PBT.)

THE OFFICER: .28 .29

THE COURT: Is that adequate?

THE OFFICER: Pretty close.

THE DEFENDANT: What do I have to do? What does that got to do with anything?

THE COURT: You are extremely intoxicated.

MR. BARTMAN: Have—I have a—

THE DEFENDANT: I'm really pissed up.

MR. BARTMAN: Compounding Mr. Shepard's situation—

THE DEFENDANT: I come here and I wasn't driving, so I really don't care.

. . ..

THE DEFENDANT: Well, I just figured I would be in jail for a while, a few days.

The court decided that Shepard's condition raised sufficient doubt of his ability to enter a voluntary and knowing plea so as to require that the matter be rescheduled. The court also noted the presence of the public in the courtroom, and stated: "If they witness that Mr. Shepard can engage in this kind of conduct and is not brought to account for it, then others will believe they may engage in the same kind of conduct, and therefore, it is [of] utmost [importance] to maintain the integrity of the process . . . ."

Based upon its finding that Shepard was intoxicated sufficiently to interfere with the court proceeding and the administration of justice, and after learning from the court officer that Shepard had decided to drink because he knew he was going to jail, the court imposed a fifteen-day jail sentence.

*In re Contempt in In re M. P.*, 154 Wis. 2d 1, 452 N.W.2d 354 (1990), holds that summary contempt may be used only when the following requirements are met:

> (1) [t]he contumacious act must have been committed in the actual presence of the court;
>
> (2) the sanction must be imposed for the purpose of preserving order in the court;
>
> (3) the sanction must be imposed for the purpose of protecting the authority and dignity of the court; and
>
> (4) the sanction must be imposed immediately after the contempt.

*Id.* at 11, 452 N.W.2d at 357 (quoting *In re Contempt in State v. Dewerth*, 139 Wis. 2d 544, 552, 407 N.W.2d 862, 866 (1987)).

Shepard does not challenge the presence of these factors.[3] Rather, he maintains only that there is a lack of evidence to support a finding of intentional misconduct within the meaning of § 785.01, STATS. We review the circuit court's findings of fact according to the clearly erroneous standard. Section 805.17(2), STATS. We independently review a question of law. Whether the facts fulfill a particular legal standard is a question of law. *Nottelson v. DILHR*, 94 Wis. 2d 106, 113-18, 287 N.W.2d 763, 767-69 (1980).

We therefore first examine the circuit court's findings of fact, express and implied. These findings shall not be set aside unless clearly erroneous, and we must give due regard to the circuit court's opportunity to judge the credibility of the witnesses. Section 805.17(2), STATS. The court found that Shepard was extremely intoxicated. This finding was based upon Shepard's demeanor, responses and appearance, as well as a breath test whose accuracy was never challenged. Thus, the court's findings regarding Shepard's degree of intoxication are not clearly erroneous.

The court also implicitly found the conduct intentional. The evidence is undisputed that Shepard's drinking was voluntary. The legal definition of "intentional" is essentially the same, whether found in tort law or in criminal law, and we see no reason to use a separate definition when interpreting the same word

[3] There is no claim that because the drinking occurred in a barroom instead of a courtroom that the misconduct was not in the actual presence of the court. We conclude that the unavoidable consequences of excessive drinking transpired in the courtroom, and therefore the misconduct was in the actual presence of the court.

286

used in the contempt statute.[4] "The principal difference between negligent and intentional conduct is 'the difference in the probability, under the circumstance known to the actor and according to common experience, that a certain consequence or class of consequences will follow from a certain act.' " *Gouger v. Hardtke*, 167 Wis. 2d 504, 512, 482 N.W.2d 84, 88 (1992) (quoting *Pachucki v. Republic Ins. Co.*, 89 Wis. 2d 703, 710, 278 N.W.2d 898, 902 (1979)). A person may be said to have intentionally caused the result where the result is substantially certain to occur from the actor's conduct. *Id.* The definition of "intentionally" in the criminal code, § 939.23(3), STATS., is similar: "Intentionally" means that the actor either has a purpose to do the thing or cause the result specified, or *is aware that his or her conduct is practically certain to cause that result.* Intent may be inferred from conduct. *See State v. Hecht*, 116 Wis. 2d 605, 623, 342 N.W.2d 721, 731 (1984).[5]

[4] Chapter 785, STATS., was created by ch. 257, Laws of 1979. The Judicial Council Notes include this comment:

> The prior statute, s.757.03 (1977), contained the words "wilful and intentional" in the definition of the types of conduct defined . . . . Only the word "intentional" is used here because the council believes that although the conduct must be intentional to constitute contempt, the higher standard of "wilful" is inappropriate. . . . It is not the purpose of the council to change the law of contempt as it relates to intent or the defenses available to a contempt charge.

[5] The question may arise as to whether a person can be guilty of intentional misconduct at the same time that he cannot enter a knowing plea. The answer is twofold. First, Shepard's requisite intent to voluntarily drink to excess occurred prior to intoxication. Second, the circuit court need not and did not find as a fact that Shepard lacked the capacity to knowingly enter a plea. Rather, the court reluctantly recognized the potential for Shepard to later seek withdrawal of his plea on that grounds.

In view of the court's findings of Shepard's state of intoxication, and the evidence supporting that finding, the court could also infer as fact that Shepard drank a sufficient quantity so as to be aware that an impaired or intoxicated state was a practically certain result, that is, intentional. The impaired mental state as the result of excessive drinking is universally recognized and a matter of common knowledge, and no direct testimony was necessary to prove Shepard's knowledge of such a consequence.

Shepard's condition, as found by the circuit court, also constituted misconduct. Section 785.01, STATS., is intended to be broadly interpreted to include a wide range of misbehavior.[6] To constitute misconduct, the punishable activity need not be indecent, profane, boisterous or unreasonably loud such as would violate the criminal disorderly conduct statute, § 947.01, STATS. Overt physical disorder is not necessary to obstruct the administration of justice. *United States v. Wilson*, 421 U.S. 309, 314-15 (1975). *Wilson* involved the summary punishment by contempt of a witness following his "orderly refusal" to answer questions after a grant of

---

[6] The Judicial Council Note to § 785.01(1), STATS., referring to misconduct includes this comment:

(1) The definition of contempt of court is intended to be broad and general. Wisconsin statutes formerly included a lengthy list of acts which were included in the definition of criminal contempt (s. 256.03 (1975)). This list was shortened by chapter 401, laws of 1975 (s. 757.03 (1977)). The intention of this new section is not to exclude any acts which were previously defined as contempt of court, but to make it more inclusive by being less specific and less wordy.

immunity. *Id.* at 311.[7] *Wilson* reversed an appellate court holding that summary contempt was available only to punish disturbances or insolence before the court. *Id.* at 314. The court observed that the subject's conduct impeded the orderly administration of justice perhaps more so than violent conduct because, in the latter circumstance, the problem may be solved simply by swift physical removal or restraints. *Id.*

Shepard's voluntary intoxication was similarly disruptive. He appeared for the purpose of entering a voluntary and knowing plea to a criminal charge. The court chose to abort Shepard's no contest plea because his conduct called into question his understanding of the nature of the charge and the consequence of his plea as mandated under *State v. Bangert,* 131 Wis. 2d 246, 389 N.W.2d 12 (1986), and related cases. It required the proceeding to be rescheduled, thereby interfering with a court proceeding and with the administration of justice.

Shepard voluntarily and knowingly created the condition causing disruption of these courtroom proceedings, and disrupted the basic order, authority and dignity essential to the conduct of judicial proceedings. Because he engaged in intentional misconduct in the presence of the court that interfered with a court proceeding and the administration of justice and impaired the respect due the court, he may be punished in the

---

[7] The Court was addressing Fed. R. Crim. P. 42(a), which permitted summary criminal contempt punishment "if the judge certifies that he saw or heard the conduct constituting the contempt and that it was committed in the actual presence of the court." *United States v. Wilson,* 421 U.S. 309, 310 n.1 (1975).

same fashion as a person who intentionally accomplishes a similar result by more dramatic means.

*By the Court.*—Order affirmed.